BRYANT *v*. ATHANS.

INTOXICATING LIQUORS—CIVIL DAMAGE ACT—PROXIMATE CAUSE—
EVIDENCE.

Verdict was properly directed for defendant liquor licensee and
his surety in action under civil damage act by widow of li-
censee's customer to whom licensee had sold liquor after hus-
band had become intoxicated, where there was no proof from
which jury could legally have found causal connection between
the statutory violation and decedent's mortal injuries, there
being no proof decedent could have traveled, while intoxicated,
from defendant's bar to railroad tunnel where his mangled
body was found some 11 hours later, no proof that the injuries
were received prior to wearing off of his intoxicated condition,
no proof that foul play or other superseding cause did not
intervene, nor the approximate time of death established
(CLS 1956, § 436.22).

Appeal from Wayne; Fitzgerald (Neal), J. Sub-
mitted October 14, 1960. (Docket No. 86, Calendar
No. 48,451.)   Decided December 2, 1960.

Case by Ruth Bryant against Nick Athans, doing
business as Athans Bar, and United States Fidelity
& Guaranty Company of Baltimore, Maryland,
surety, under the civil damage act for death of her
intoxicated husband.   Directed verdict for defend-
ants.   Plaintiff appeals.   Affirmed.

*George C. Parzen* and *Maxwell I. Silverstein,* for
plaintiff.

*Posner & Posner,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
30 Am Jur, Intoxicating Liquors, § 561.

Per Curiam. Relying on the so-called civil damage act, CLS 1956, § 436.22 (Stat Ann 1957 Rev § 18.993), the plaintiff widow sued the defendant licensee for having caused the unlawful intoxication and consequent death of her husband. When plaintiff rested the trial judge directed a verdict for defendant, holding that there was no proof of causal connection between defendant's statutory violation and the decedent's death. Plaintiff has appealed.

Plaintiff made a *prima facie* case of violation of the statute with proof that defendant's employees continued to serve intoxicating liquor to her husband after he became intoxicated. She proved that her husband left defendant's bar, intoxicated, about 10 o'clock in the evening of October 14, 1954. From this point there is a hiatus in the proof. The decedent's mangled body was found, about 9 o'clock the next morning, in the tunnel of the New York Central Railroad (extending under the Detroit river from Detroit to Windsor). The question is whether there is proof, or permissible inference from proof, upon which the jury legally could have found causal connection between the statutory violation and the decedent's mortal injuries.

For want of proof that decedent could have traveled, while intoxicated, from defendant's bar to the place where his body was found; for want of proof that the decedent's injuries were sustained prior to wearing off of his intoxicated condition, and for want of proof from which it might fairly be inferred that foul play or other superseding cause did not intervene, we conclude that the cause of injury and death in this case was conjectural and that the trial judge was right in ordering a verdict for defendant.

The record shows that this death was investigated by the police department of Detroit. We presume from the statements of counsel that the body was "posted." No proof of the results of such investiga-

tion was made; nor was the approximate time of death established. The decedent surmisedly may have been injured when, in the words of the trial judge, "he was stone sober." Even the distance from defendant's bar to the place where the body was found was not established. And it was not shown that a pedestrian, sober or otherwise, might without aid or force amble conveniently from defendant's bar to such place.

Looking with due favor on the inference urged by plaintiff, we find it equiponderant at best with other plausible theories of causation. By the test adopted from Alabama in *Kaminski* v. *Grand Trunk W. R. Co.,* 347 Mich 417, 421, 422, this calls for affirmance.

It is so ordered. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.