## WALSH v. GRAND TRUNK WESTERN
## RAILROAD COMPANY.

1. RAILROADS—AUTOMOBILES—CROSSING ACCIDENT—TRAIN ON CROSS-
ING—NOTICE.

Evidence that plaintiff's decedent drove his eastbound car in the nighttime into 31st car of southwesterly bound freight train at 60°-angle crossing, notwithstanding his approach was, in level country with completely unobstructed view and without a showing of any special circumstances justifying application of an exceptional rule requiring railroad company to maintain warning devices in addition to wooden crossbuck sign located near the track, justified directed verdict at close of plaintiff's, proofs, the train's occupation of the crossing well before decedent's approach constituting a notice and warning of train's own presence.

2. SAME—AUTOMOBILES—PRESUMPTIONS—BURDEN OF PROOF—NEGLI-
GENCE.

The presumption of due care on the part of a decedent motorist who was killed when his car collided in the nighttime with the 31st car of defendant's freight train at 60°-angle grade crossing in level country does not, standing alone, satisfy plaintiff administrator's burden of proof that defendant was guilty of causal negligence.

Appeal from Macomb; Noe (Alton H.), J. Sub-mitted April 6, 1961. (Docket No. 33, Calendar No. 48,561.) Decided September 21, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Railroads § 513 et seq.
[2] 44 Am Jur, Railroads § 618.
Presumption as to due care by person killed at railroad crossing. 84 ALR 1221.

Case by Margaret Walsh, administratrix of the estate of Michael Henry Walsh, against Grand Trunk Western Railroad Company, a Michigan corporation, for damages arising from death of motorist when he struck freight train at grade crossing on December 10, 1954. Judgment for defendant on directed verdict at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Robert W. Moss,* for plaintiff.

*Matthews, Nank & Bruff* (*Forbes B. Henderson* and *Richard M. Kippen,* of counsel), for defendant.

PER CURIAM. The essential circumstances of this case, taken exclusively from plaintiff's brief-submitted statement, disclose that plaintiff's decedent drove his eastbound automobile into the side of defendant's southwesterly bound freight train, striking the 31st car thereof, and that he came thus to his death. The collision occurred at grade on Fifteen Mile road, some 500 feet west of railroad-paralleling highway M–97, during the nighttime. It and the events leading thereto were not witnessed, save only as to the decedent, and the question whether defendant was shown as having been actionably negligent turns upon contention of counsel as follows:

"Plaintiff-appellant contends that the 60-degree angle of intersection of the county road and the railroad track in the case under consideration was a physical fact which caused that intersection to be hazardous to persons lawfully using the road, thereby requiring the defendant railroad to provide flasher lights, gates, or some other signal or warning device in addition to the wooden crossbuck sign located near the track. Whether the grade crossing was hazardous or the striking angle of intersection was such a 'special circumstance' that would create

a duty in the defendant railroad to provide additional safety devices, is the fact question which should have been submitted to the jury."

Cited in principal support are *Staal* v. *Grand Rapids & I. R. Co.,* 57 Mich 239, and *McParlan* v. *Grand Trunk W. R. Co.,* 273 Mich 527. Neither case helps plaintiff. The decedent's approach to this crossing was in level country. His view of the approaching and passing train was completely unobstructed as he approached the crossing, and there was no showing of "special circumstances" justifying application of the exceptional rule which, in *McParlan,* the Court refused to apply. Actually, as was the case in *McParlan,* defendant's train occupied the crossing well before decedent imminently approached from the west, and so it timely became (p 533) "a notice and warning of its own presence."

The cause of decedent's death was conjectural at best under the rule adopted and followed in *Kaminski* v. *Grand Trunk W. R. Co.,* 347 Mich 417; *Poledna* v. *Bendix Aviation Corp.,* 360 Mich 129; and *Bryant* v. *Athans,* 362 Mich 17, and the presumption that he exercised due care does not prove that the railroad was actionably negligent. A motorist killed at grade crossing may well be guiltless of fault, say on account of the sudden and genuinely unexpectable failure of his brakes to function, and yet the defendant railroad may likewise be guiltless of the pleaded charge against it. Which is to say that the presumption of due care on the part of a plaintiff's decedent does not, standing alone, satisfy the plaintiff's burden of proving the defendant guilty of causal negligence.

Plaintiff failed to make out a case for jury consideration. The trial judge was therefore right in directing a verdict for defendant. Judgment affirmed. Costs to defendant.

Dethmers, C. J., and Carr, Kelly, Black, and Kavanagh, JJ., concurred.

Souris, J. (*concurring*). I concur in affirming the trial judge's direction of a verdict on defendant's motion at conclusion of plaintiff's proofs.

Plaintiff offered expert opinion testimony that the 60° angle at which the defendant's railroad track crossed the highway made its train more difficult to see at night than it would be were the track perpendicular to the highway. The expert testified that light is reflected from a reflector surface at the same angle at which it strikes the surface; that a diffused surface, which means a very irregular surface, will reflect light back in all directions equally; that a railroad car has both reflector and diffuse surfaces; and that to the extent the defendant's train intersected the highway at a greater or lesser angle than 90°, the light from decedent's headlamps which struck the railroad cars' reflector surfaces would bounce off at an angle away from decedent's view, thus making the railroad cars more difficult for him to see than they would be were they traveling perpendicular to him.

Plaintiff sought to invoke the "special circumstances" rule of *Staal* v. *Grand Rapids & I. R. Co.,* 57 Mich 239, 243–244, which was recognized but not applied in *McParlan* v. *Grand Trunk W. R. Co.,* 273 Mich 527. By that rule plaintiff sought to impose upon defendant a common-law duty to maintain some signal or warning device in addition to the ordinary wooden crossbuck sign required by statute. Failing to provide such additional signal or warning devices, plaintiff contended, was *prima facie* proof of defendant's negligence.

Even if we were to hold that such circumstances did impose a duty upon the defendant railroad to

provide additional signal or warning devices, there is no evidence in this record that plaintiff's decedent did not see the train, or did not see it soon enough to stop, *because* of the railroad's failure to provide such devices. In short, had the case been submitted to the jury on the record made by the plaintiff, the jury would have had to engage in an exercise in conjecture* to determine whether the collision between decedent's automobile and defendant's train was caused (1) by decedent's failure to see the train in time to stop because defendant negligently failed to provide adequate signal or warning devices, (2) by decedent's own negligence, the presumption of his due care possibly being outbalanced by physical and other evidentiary facts, (3) by decedent's own suicidal act, or (4) by an intervening wilful or negligent act of a third person. Accordingly, we must affirm the trial judge's direction of a verdict for defendant in the absence of any evidence of actionable negligence.

Affirmed. Costs to defendant.

Smith and Edwards, JJ., concurred with Souris, J.

---

* " 'As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be 2 or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any 1 of them, they remain conjectures only. On the other hand, if there is evidence which points to any 1 theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.' " *City of Bessemer* v. *Clowdus*, 261 Ala 388, 394 (74 So 2d 259); quoted in *Kaminski* v. *Grand Truck W. R. Co.*, 347 Mich 417, 422.