## CUMMINGS v. GRAND TRUNK WESTERN RAILROAD COMPANY.

1. NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR JURY.
   Determination of the issue of proximate cause in an action based on alleged negligence should be left to the jury under proper instructions, where the evidence is such that the jury may reasonably infer that defendant's negligence proximately caused the damages for which recovery was sought notwithstanding other theories of causation were advanced which were not inferable reasonably from the evidence.

2. RAILROADS—GRADE CROSSING.
   Evidence presented in death action against railroad company arising out of collision at dusk during a March rain at grade crossing between defendant's westbound engine and southbound car in which plaintiff's decedent was a passenger *held*, sufficient to present to jury a question as to defendant's negligence in maintaining a wooden crossbuck sign on the west side of the road *south* of the tracks thereby causing the southbound driver to misjudge the distance to the tracks which were not visible on southbound approach because of a steep incline of the roadway and because observation of trains was obscured by an embankment, trees, and other obstructions.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 351.
[2] 44 Am Jur, Railroads § 493.
  Responsibility for accident at railroad crossing as affected by absence, improper location, or insufficiency of signs warning approaching travelers of presence of crossing. 93 ALR 218.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted December 4, 1963. (Calendar No. 115, Docket No. 49,974.) Decided May 4, 1964.

Case by Everett J. Cummings, administrator of the estate of Donald J. Cummings, deceased, against Grand Trunk Western Railroad Company, a Michigan corporation, for damages resulting from death in grade crossing accident on March 26, 1959. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded.

Goodman, Crockett, Eden, Robb & Philo (Harry M. Philo, of counsel), for plaintiff.

Earl C. Opperthauser, for defendant.

SOURIS, J. This is a wrongful death action to recover damages for the death of a passenger riding in a southbound automobile struck by the steam engine of defendant's westbound passenger train at a grade crossing. At the conclusion of plaintiff's proofs the trial judge granted defendant's motion for a directed jury verdict of no cause. Judge Dondero concluded that, while there was evidence that the railroad was negligent in maintaining an unauthorized and misleading warning sign near the crossing, whether such sign confused the driver of the automobile and thereby caused or contributed to the collision was conjectural. He stated that at least 2 other theories of causation were equally conjecturally plausible: (1) that the driver of the automobile and plaintiff's decedent were themselves negligently inattentive; and (2) that they deliberately, but unsuccessfully, attempted to beat the train to the crossing. Citing *Kaminski* v. *Grand Trunk W. R. Co.*, 347 Mich 417, and *Walsh* v. *Grand Trunk W.*

·R. Co., 363 Mich 522, the judge ruled that none of
the 3 theories of causation he recognized was more
plausible than either of the others; that a jury could
do no more than exercise a conjectural choice be-
tween them; hence, that it was his duty to direct
a verdict for defendant.

This case, like *Emery* v. *Chesapeake & Ohio Rail-
way Co.*, 372 Mich 663, also decided today, presents
again the question of the applicability of the rule
of conjectural choice discussed so fully by Mr.
Justice BLACK in *Kaminski, supra.* As in *Emery,*
however, the rule again has been misconstrued with
the consequential result that a litigant has been
denied jury determination of what is a fact issue
required to be submitted to the demanded jury. The
trial judge recognized correctly that a jury could
reasonably infer from the evidence causation be-
tween defendant's negligence and decedent's tor-
tious death. However, equating such reasonable in-
ference *from the evidence* with other plausible *the-
ories* of causation *not* inferable reasonably from the
evidence, he concluded they were "equiponderant"
and, therefore, that to submit the issue to the jury
would permit the jury "to engage in an exercise in
conjecture," citing *Walsh, supra.*

In *Walsh* none of the theories of causation re-
motely plausible was properly inferable from the
evidence in the sense that the evidence could be
said to point to any of the theories of causation as
a logical sequence of cause and effect (*City of Besse-
mer* v. *Clowdus* [1954], 261 Ala 388, 394 [74 So2d
259], as quoted in *Kaminski,* at 422). Under such
circumstances, where all theories of causation rest
only on conjecture, no jury question was presented.
However, as we said in *Schoepper* v. *Hancock Chem-
ical Co.*, 113 Mich 582, 586, "such cases are rare, and
that rule should never be so extended as. to result
in a ·failure· of justice, or in denying an injured

person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other."

Even more rare will be the case in which a judge can say that 2 theories of causation, one actionable and the other not, find precisely equiponderant support in evidence. A judge who undertakes to draw with so fine a line risks reversible error because, in the words of Mr. Justice COOLEY, "a court of review may reverse his action, not because the facts are differently regarded, but because judges are men and men are different." 3 Cooley on Torts (4th ed), § 481, p 389. Such fine distinctions should better be left to jury agreement or disagreement. See *Carver* v. *Detroit & Saline Plank Road Co.*, 61 Mich 584, 593, where the Court, considering the respective roles judges and juries should play in drawing inferences of negligence from the evidence, said:

"In all cases of doubt, the proper method is to submit the evidence to the jury, under proper caution and instructions, to determine whether, from the facts as they shall find them established by the evidence, negligence ought to be inferred."

In the case at bar, the evidence was sufficient to support a jury's finding, on inference, that decedent's driver was so confused and misled by defendant's negligently maintained warning sign that he misjudged his distance from defendant's tracks and failed to commence to stop for its approaching passenger train until it was too late to stop without collision. The sign in question was a black and white wooden crossbuck erected by the railroad on a pole south of the tracks on the west side of the roadway. In other words, as decedent's driver ap-

proached the tracks, the sign was on his right-hand side of the road but was *beyond* the tracks rather than in advance of them as is specified for such signs the county was required to maintain by CLS 1956, § 469.5 (Stat Ann 1959 Cum Supp § 22.765). Even in broad daylight under the best of circumstances, the location of such a sign would be dangerously deceptive, photographic evidence disclosing not only that the tracks were not visible on southbound approach because of a steep incline of the roadway to a crest along which defendant's tracks were laid but also that westbound trains would also be obscured from southbound view by an embankment, trees and other obstructions. The incline was estimated by an expert witness to be about 10 degrees. Judging from the photographs and from a chart in evidence, the incline begins at a 1-lane bridge over a stream about 160 or 170 feet north of the tracks. Moreover, the collision did not occur in broad daylight; it occurred at dusk and during a March rain on a graveled county road. Following the collision, skidmarks were discovered in the roadway from a point 30 feet north to the tracks, 4 or 5 inches deep in the roadway's gravel.

On such record a verdict favoring defendant was directed at conclusion of plaintiff's proofs. None of the evidence then in the record would support either of the trial judge's hypothesized alternative theories of causation; but the evidence would support a jury inference that the driver was induced, with fatal consequences, to believe the grade crossing was farther away than in actuality it was by the railroad's negligent placement and maintenance of the crossbuck sign, not in advance of the crossing where an approaching motorist normally would expect to find it but, rather, beyond the crossing.

Defendant should have been put to its proofs. It was reversible error to direct a verdict for defendant on plaintiff's proofs, there being sufficient evidence at that point in the trial for the jury reasonably to infer actionable negligence on the part of defendant railroad.

Reversed and remanded. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, BLACK, SMITH, and O'HARA, JJ., concurred with SOURIS, J.

KELLY, J., concurred in result.

ADAMS, J., took no part in the decision of this case.