HOLPAINEN *v.* AMERICAN MOTORS CORPORATION

1. MOTIONS—DIRECTED VERDICT—EVIDENCE.

The question on a defendant's motion for a directed verdict is not one of preponderance of the evidence introduced by the plaintiff, but whether plaintiff has presented sufficient evidence to go to a jury on a material question of fact, which, if determined in plaintiff's favor, would entitle him to a judgment.

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Proofs and reasonable inferences from them must be viewed in the light most favorable to plaintiff on an appeal from an order directing a verdict for the defendant.

3. NEGLIGENCE—EVIDENCE—INFERENCES—CIRCUMSTANCES.

Negligence, like any other fact, may be inferred from circumstances.

4. NEGLIGENCE — AUTOMOBILES — FIRE — INFERENCES — QUESTION OF FACT — DIRECTED VERDICT.

Sufficient evidence was presented from which a jury could reasonably infer that fire damage to plaintiff's automobile was caused by a spark from defective ignition wiring installed by the defendant manufacturer igniting gasoline in the carburetor where there was testimony that the fire concentration was in the engine area of the car, that the gasoline could not have ignited itself and that it had to be ignited by heat or a direct flame or spark, that there existed a hot spot in the battery area and in the coil and distributor area which could have caused the gasoline to ignite, and that it was not possible for this fire to have been caused by a bare electrical connection left unnoticed after repair work had been completed, and a directed verdict for the defendant was error.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 55 *et seq.*
[2, 4] 5 Am Jur 2d, Appeal and Error § 886.
[3] 38 Am Jur, Negligence § 290 *et seq.*

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 April 30, 1970, at Marquette. (Docket No. 6,972.)   Decided June 29, 1970.

Complaint by Julia Holpainen and Beatrice Rousse against American Motors Corporation for damages for negligence. Directed verdict for defendant. Plaintiffs appeal. Reversed and remanded.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Messner, LaBine & Vairo,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Plaintiffs Julia Holpainen and Beatrice Rousse appeal from a directed verdict in favor of defendant American Motors Corporation. The initial action was brought to recover damages to their automobile resulting from a fire.

In their complaint, plaintiffs alleged that defendant was careless, reckless, and negligent in the manufacture of the automobile and a spark from defective ignition wiring ignited gasoline in the flooded carburetor, which in turn caused the fire. At the time of the particular incident, the automobile in question registered slightly over 1,000 miles. In addition to the above claim, plaintiffs set forth a claim based upon breach of implied warranty of merchantability.

Plaintiffs raise several issues on appeal, the most meritorious and the one which we shall address is

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

whether the plaintiffs had presented sufficient evidence to go to the jury on the question of the defendant's negligence.

The general rule, with respect to directed verdicts, was recently summarized in *Daniel* v. *McNamara* (1968), 10 Mich App 299, 304:

"On a motion for directed verdict, the question is not one of the preponderance of the evidence introduced by the plaintiff, but whether plaintiff has presented sufficient evidence to go to a jury on a material question of fact, which, if determined in plaintiff's favor, would entitle her to a judgment.

" 'On this review of a directed verdict against plaintiff the proofs and reasonable inferences therefrom must be viewed in the light most favorable to plaintiff.' *Humenik* v. *Sternberg* (1963), 371 Mich 667, 669."

See *Pappas* v. *City of Bay City* (1969), 17 Mich App 745.

Likewise, the Court in *Schoepper* v. *Hancock Chemical Co.* (1897), 113 Mich 582, reversed the lower court's directed verdict on the following grounds:

"It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. *Robinson* v. *Charles Wright & Co.* (1893), 94 Mich 283; *Redmond* v. *Delta Lumber Co.* (1893), 96 Mich 545. But such cases are rare, and that rule should never be so extended as to result in a failure to justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other. (p 586.)

"Negligence, like any other fact, may be inferred from circumstances. *Alpern* v. *Churchill* (1884), 53 Mich 607, 613; *Barnowsky* v. *Helson* (1891), 89 Mich

523. And though the proof of plaintiff depended upon inference to establish the main fact, the question of whether the inference suggested by the plaintiff's theory is the correct one, or whether it was sufficiently rebutted, was for the jury. *Crosby* v. *Railway Co.* (1885), 58 Mich 458; *Hagan* v. *Railroad Co.* (1891), 86 Mich 615; *Woods* v. *Railway Co.* (1896), 108 Mich 396." (p 589.)

This view was supported recently in *Schedlbauer* v. *Chris-Craft Corporation* (1968), 381 Mich 217; *Emery* v. *Chesapeake & O. R. Co.* (1964), 372 Mich 663; *Cummings* v. *Grand T. W. R. Co.* (1964), 372 Mich 695.

A careful review of the record discloses sufficient evidence by which the jury could reasonably infer that the accident was caused by a spark from defective ignition wiring installed by the defendant. There was testimony at the trial that the fire concentration was in the engine area of the car; that the gasoline could not have ignited itself and that it had to be ignited by heat or a direct flame or a spark; that there existed a hot spot in the battery area and in the coil and distributor area which could have caused the gasoline to ignite, and that it was not possible for this fire to have been caused by a bare electrical connection left unnoticed after repair work had been completed. The question should have been submitted to the jury.

The remaining issues, being unnecessary to our decision, do not require discussion. *In re State Highway Commissioner* (1963), 372 Mich 104; *Parsonson* v. *Construction Equipment Co.* (1969), 18 Mich App 87.

Reversed and remanded. Costs to abide outcome.