KASTEN *v.* U. S. TRUCK COMPANY, INC.

1. NEGLIGENCE — EVIDENCE — FAVORABLE TO PLAINTIFF VIEW — DIRECTED VERDICT.

   The proofs and reasonable inferences therefrom must be viewed in the light most favorable to the plaintiff when considering a motion for a directed verdict against the plaintiff.

2. NEGLIGENCE—PRIMA FACIE CASE—ACCIDENT.

   Mere proof of the occurrence of an accident which would not happen except for the negligence of someone does not establish a *prima facie* case of negligence against the defendant.

3. AUTOMOBILES—NEGLIGENCE—EVIDENCE—FAVORABLE TO PLAINTIFF VIEW—DIRECTED VERDICT.

   Granting defendants' motion for directed verdict because plaintiff's proofs, when viewed in a light most favorable to him, rested primarily on conjecture and strained multiple inferences, was proper, where plaintiff's decedent was killed by a piece of spring steel which penetrated the windshield of his automobile and struck him in the face when he passed defendants' truck.

4. AUTOMOBILES—NEGLIGENCE—CAUSATION—CONJECTURE.

   Theory of causation of defendants' negligence, when viewed in a light most favorable to plaintiff rested on conjecture and strained multiple inferences where the jury would be required to assume that a steel spring, which struck the plaintiff's decedent in the face causing his death, was on the pavement, that the defendant ran over the spring, and that the wheels of defendants' vehicle threw the spring onto the decedent's windshield.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 October 9, 1970, at Detroit. (Docket No. 7954.) Decided December 4, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 347, 349.
[2] 38 Am Jur, Negligence § 332.
[3, 4] 38 Am Jur, Negligence §§ 332–336.
  53 Am Jur, Trial §§ 347, 349.

Complaint by Evelyn L. Kasten, administratrix of the estate of Alex Harold Kasten, against U. S. Truck Company, Inc., and Dallas R. Hart, for wrongful death. Directed verdict for defendants. Plaintiff appeals. Affirmed.

*I. Goodman Cohen,* for plaintiff.

*Bouges, O'Donnell & Petteys,* for defendants.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

PER CURIAM. Plaintiff brought suit against defendants, the owner and the driver of a tractor-trailer unit, which plaintiff alleged was so negligently operated that it caused the death of her husband. At the close of plaintiff's evidence, the defendants moved for a directed verdict. In granting the defendants' motion for a directed verdict, the trial court concluded that plaintiff had failed to establish a *prima facie* case against the defendants. Plaintiff appeals.

It is well recognized that, in considering a motion for a directed verdict against the plaintiff, the trial judge must view the proofs and reasonable inferences therefrom in the light most favorable to the plaintiff. *Schedlbauer* v. *Chris-Craft Corporation* (1968), 381 Mich 217; *Daniel* v. *McNamara* (1968), 10 Mich App 299. It is equally well established, however, that the mere proof of the occurrence of an accident which would not usually happen except for the negligence of someone does not establish a *prima facie* case of negligence against the defendant. *Rose* v. *McMahon* (1968), 10 Mich App 104; *Cusumano* v. *Stroh Brewery Company* (1970), 26 Mich App 549.

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts adduced at trial, viewed in the light most favorable to the plaintiff, reveal that the accident occurred on a two-lane highway. Defendant Hart, while operating a tractor trailer in an easterly direction, was trailed by two automobiles. The plaintiff's husband, operating the second automobile, attempted to pass the intervening automobile and the defendants' vehicle. The driver of the intervening automobile testified at trial that at the time the decedent passed his vehicle, he noticed nothing wrong with the windshield of decedent's automobile and that decedent appeared to cut sharply in front of the defendants' vehicle and came to a stop shortly thereafter.

Defendant Hart testified that he observed the decedent commencing to pass, and that he noticed the windshield of decedent's automobile to be intact at that time. He further testified under cross-examination that the windshield was intact when it was approximately five or six feet from his position in the cab of the tractor trailer.

Shortly after passing defendants' vehicle, the decedent's vehicle began a course of erratic driving, finally coming to rest against an embankment. It was subsequently discovered that decedent had been fatally injured by a piece of spring steel, measuring approximately three inches by four inches and three-eighths inches in thickness, which had penetrated the windshield of his vehicle and struck him in the face.

There was no direct evidence that the piece of steel was on the highway at any time, nor any direct evidence that defendants' vehicle ran over the steel. Furthermore, there was no direct evidence as to when the windshield of decedent's vehicle was struck by the piece of steel.

The theory of plaintiff's case was that the piece of spring steel was on the traveled portion of the

highway, that it was visible to the defendant driver who saw or should have seen it, and that the defendant driver negligently drove over the piece of steel and the wheel of defendants' vehicle sent the piece into and through the windshield of the decedent's vehicle.

Plaintiff's expert witness testified that the speed of the vehicles would provide more than adequate force necessary for the steel spring to pierce the windshield. The expert witness, responding to questions which required that he assume that the piece of steel was on the highway, testified that it was possible that the steel spring could have been thrown into the air by the tires of the defendants' vehicle.

The trial judge, in granting defendants' motion for directed verdict, held that plaintiff's cause rested "primarily on conjecture and requires strained and multiple inferences". We agree with the trial court's determination. Before the jury could consider the question relating to defendants' negligence, it would be required to assume that the steel spring was on the pavement, that the defendant ran over the spring, and that the wheels of defendants' vehicle threw the spring onto the decedent's windshield. Such a theory of causation, based upon the facts presented in the instant case, would rest entirely upon conjecture. *Walsh* v. *Grand Trunk W. R. Co.* (1961), 363 Mich 522; *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417.

Plaintiff's theory of the accident, under the most favorable view of the evidence presented, never advanced beyond mere conjecture, and as such the trial court properly granted a directed verdict for the defendants.

Judgment affirmed.