WATSON v RISTOW

1. Intoxicating Liquors—Dramshop Act—Liability—Causal Connection.

A plaintiff must prove that there was a causal connection between an unlawful sale of liquor to an intoxicated person and plaintiff's injuries to recover damages under the dramshop act (MCLA 436.22).

2. Intoxicating Liquor—Dramshop Act—Liability—Causal Connection.

Acts of provocation by an intoxicated person, which do not amount to legal justification for an assault on him by a third person, do not constitute the causal connection necessary to permit an innocent bystander to recover damages under the dramshop act for injuries sustained as a result of acts of the third person in the altercation (MCLA 436.22).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 6, 1972, at Lansing. (Docket No. 12632.) Decided July 31, 1972. Leave to appeal denied, 388 Mich 793.

Complaint by Richard W. Watson and Claudia Watson against Sharon Ristow and Huron Bowl, Inc., for damages resulting from injuries sustained in an altercation. Liability of Huron Bowl, Inc., claimed under the dramshop act. Judgment for plaintiffs. Defendant Huron Bowl, Inc., appeals. Reversed and remanded.

*Sauer, Girard & Sterling (Charles J. Porter,* of counsel), for plaintiffs.

References for Points in Headnotes

[1, 2] 45 Am Jur 2d, Intoxicating Liquor §§ 582–585.
Liability of innkeeper, restaurateur, or tavernkeeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant, 70 ALR2d 628.

*Bell, Hertler & Hopkins,* for defendant Huron Bowl, Inc.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The question raised in this appeal is whether defendant Huron Bowl is liable pursuant to the so-called "dramshop act", MCLA 436.22; MSA 18.993, for injuries to an innocent person; said injury resulting from the use of excessive force by a third party against one who was assaulting the intoxicated person.

Since the trial court findings of fact are not at issue, we will adopt the trial court's findings of fact as ours:

"The material facts are these:

"The plaintiffs and two other couples went to the defendant tavern, Huron Bowl, and were seated at a table, having been served beverages. There is no proof that any of these persons were intoxicated at any time. One of their members, Mrs. Fordyce, was seated on a long bench which ran from her table several feet further, so as to be a seat for one person at another table in the near vicinity. This person at the other table was an intoxicated person, not a party to this action, by the name of Kerwin. Mr. Kerwin was in the company of his sister, the defendant, Sharon Kerwin Ristow, and one other person.

"An incident occurred which caused difficulty and confrontation between the persons at the two tables. The drunk, Kerwin, slid along the bench until he was next to Mrs. Fordyce. In his drunken condition he laid his head on her shoulder; she objected. He straightened up partially and then again did so and she again objected. At this point he pinched her breast, whereupon she stood up and screamed and a verbal alterca-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion ensued. Those at her table realized and were told about the assault. The drunken Kerwin slid back along the bench to his own table. Some of the Fordyce party went to the Kerwin table and it is claimed that he may have apologized to them, though Mrs. Fordyce testified she did not hear any apology. Two employees, the bartender and the bouncer, appeared, but took no action other than to ask everybody to quiet down. These employees knew what had transpired and also knew, or should have known by looking at Kerwin that he was in serious drunken condition. Kerwin had been served alcoholic beverages after being intoxicated within the meaning of the statute. No one asked for the exclusion of Kerwin or any other person from the premises; no one asked for protection; no protection was offered or had by the Huron Bowl for any person.

"Shortly before 2 a.m. closing time, the plaintiffs and their four friends left the tavern. The three ladies entered plaintiffs' automobile. While the three men were still outside the automobile, talking, the drunken patron, Kerwin, and his sister, Sharon Kerwin Ristow, emerged from the tavern. Mrs. Ristow carried a filled but open beer bottle in her hand, which she testified was for protection.

"Once outside the building, the drunken Kerwin and Mr. Fordyce, the husband of the assaulted woman, met. The drunken patron was either struck or pushed so as to slide against a car and onto the ground. Mr. Fordyce was standing above him saying something to him. At this point, the defendant, Sharon Kerwin Ristow, threw the open beer bottle full of beer, striking Fordyce. The glass splintered and a piece entered plaintiff husband's eye. He was then and there an innocent person not participating in the altercation in any respect nor was he intoxicated. He was then distant some 10 to 20 feet away from the altercation. The liability of the defendant, Sharon Kerwin Ristow, in trespass, for negligence is clear. The force which she used was unjustified under the circumstances of the case, even though she might have been in fear for her own safety or her brother's safety."

Upon these facts the trial court found that the

intoxication of Mr. Kerwin was a proximate cause of the eventual injury to plaintiff Robert Watson. The trial court thereupon entered judgment in favor of plaintiff against defendant Ristow and defendant Huron Bowl, jointly and severally. On appeal we are concerned solely with the question of the liability of defendant Huron Bowl, if any.

It is well settled that to recover under the "dramshop act" the plaintiff must prove that there was a causal connection between the unlawful sale to the intoxicated person and the plaintiff's injuries. See *Wyatt v Chosay,* 330 Mich 661, 668, 669 (1951); *Bryant v Athans,* 362 Mich 17, 18 (1960); *Davis v Terrien,* 364 Mich 82, 83 (1961); *Mason v Lovins,* 24 Mich App 101, 106 (1970); *Duma v Janni,* 26 Mich App 445, 448, 449 (1970); *Robertson v Devereaux,* 32 Mich App 85, 91 (1971).

In the instant case, the basis upon which the trial court found the necessary causal connection was that: (1) the intoxication caused Kerwin to make the unwanted advances toward Mrs. Fordyce; (2) these actions, quite naturally, enraged Mr. Fordyce, and, therefore, (3) the assault upon Kerwin by Mr. Fordyce outside the bar was a natural and probable consequence of Kerwin's original acts toward Mrs. Fordyce.

The trial court found that the attack by Mr. Fordyce upon Kerwin was temporally apart from the advances made by Kerwin toward Mrs. Fordyce; thus, the subsequent renewal of the confrontation by Mr. Fordyce could not be justified upon the theory of the defense by a husband of his wife. See *Cornell v Fidler,* 194 Mich 509, 514 (1916). Neither would the use of insulting language or behavior by Kerwin towards Mrs. Fordyce justify Mr. Fordyce's assault. See *People v Curtis,* 52 Mich 616, 623 (1884). The attack upon Kerwin was

thus an unjustifiable assault upon his person by Mr. Fordyce.

Since Kerwin's actions in the bar would not amount to legal justification of the subsequent assault by Mr. Fordyce outside the bar, it would be anomalous to say that they "caused" the altercation outside the bar. As succinctly stated in 45 Am Jur 2d, Intoxicating Liquors, § 585, p 876:

"Where the intoxication does nothing more than furnish a condition by which an injury is made possible by the subsequent independent intervening act of a third person or force, the intervening act, not the intoxication, is the direct and immediate cause of the injury. In other words, where an injury results, not from the intoxication or from anything consequent upon the intoxication, but from the independent act of a third party, which is the direct and immediate cause of the injury, there can be no recovery against the dramshop keeper. Thus, while the intervening act of one who, in defending himself against assault by an inebriate, injures or kills him has been held not to prevent the intoxication from being the proximate cause of the injury, it has been held that the killing or injuring of an intoxicated person by another person as the result of insulting language or menacing conduct on the part of the former is not the proximate result of the intoxication."

The trial court therefore erred as a matter of law in finding that Kerwin's intoxication was causally connected, within the meaning of the statute, with the resulting injuries sustained by plaintiffs. Since there was no finding that either Mr. Fordyce or defendant Ristow were illegally served intoxicating beverages while intoxicated, a verdict and judgment should have been entered in favor of defendant Huron Bowl, Inc.

Reversed and remanded for entry of a judgment of no cause for action by plaintiffs against defendant Huron Bowl, Inc.

All concurred.