JORDAN v WHITING CORPORATION

Docket Nos. 55436, 55347. Argued October 11, 1974 (Calendar Nos. 8, 9).—Decided April 1, 1976.

John C. Jordan was electrocuted while repairing an overhead crane on the premises of C. A. Roberts Company. Thelma L. Jordan, administratrix of the decedent's estate, brought an action in warranty and negligence against Whiting Corporation, the manufacturer of the crane parts, Dearborn Fabricating & Engineering Company, the assembler of the crane parts, and N & K Electric Company, the electrical contractor which performed certain services in initially electrifying the crane. The Wayne Circuit Court, Nathan J. Kaufman, J., directed a verdict in favor of all three defendants. Upon remand by the Court of Appeals for reconsideration the trial court reconsidered the directed verdict and granted a new trial with respect to all defendants. The Court of Appeals, V. J. Brennan, P. J., and Quinn and O'Hara, JJ., affirmed (Docket No. 11580). On rehearing, the Court of Appeals reversed itself and reinstated the directed verdict as to all counts against defendants except the count against Dearborn Fabricating alleging negligence in failure to ground the electrical system of the crane. Plaintiff and defendant Dearborn Fabricating & Engineering Company appeal. *Held:*

1. The presumption of due care pertains to the conduct of the decedent, not the defendants, and the manner in which it was applied was not relevant to the critical determination made by the courts below, which was that the plaintiff's proofs respecting the defendants' negligence were lacking.

2. There is no evidence in the record which establishes that the decedent's death was causally connected with Dearborn Fabricating's alleged failure to ground the crane properly. Plaintiff's expert witness could not testify as to decedent's location on the crane or whether the grounding had any causal connection with his death.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 211.
[2] 30 Am Jur 2d, Evidence § 1086.
[3] 30 Am Jur 2d, Evidence § 1081.

3. The mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two.

4. The disposition of the case makes unnecessary the resolution of whether the defendants were "prevailing parties" within the meaning of GCR 1963, 526.1 and 822. The award of one-half the costs to N & K and Whiting against Dearborn Fabricating was error.

The directed verdict in favor of Dearborn Fabricating is reinstated. The award of costs to N & K and Whiting against Dearborn Fabricating is reversed.

49 Mich App 481; 212 NW2d 324 (1973) reversed.

1. Evidence—Negligence—Presumptions—Due Care—Directed Verdict—Wrongful Death.

The presumption that a decedent had exercised reasonable care for his own safety at the time of his fatal injury pertains to the conduct of the decedent rather than the conduct of the defendants in a wrongful death action; the presumption of due care and the manner in which it was to be applied were not relevant to a directed verdict for defendants in a case where the plaintiff's proofs respecting defendants' negligence were lacking.

2. Negligence—Wrongful Death—Evidence—Directed Verdict.

A directed verdict was proper in an action for wrongful death where there was no evidence in the record which established that the decedent's death was causally connected with the defendant's alleged failure to ground a piece of electrically operated equipment properly.

3. Negligence—Causal Connection—Evidence.

The mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two.

*Lopatin, Miller, Bindes & Freedman (Michael H. Feiler,* of counsel), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *William P. Cooney* and *Jeannette A. Paskin),* for defendant Whiting Corporation.

*Butzel, Long, Gust, Klein & Van Zile* (by *James*

*D. Ritchie* and *Chester E. Kasiborski, Jr.),* for defendant Dearborn Fabricating & Engineering Company.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C. (Buell Doelle,* of Counsel), for defendant N & K Electric Company.

PER CURIAM. This wrongful death action arose from the death by electrocution of John C. Jordan while he was repairing an overhead crane located on the premises of C. A. Roberts Company in the City of Detroit. Plaintiff, the administratrix of the decedent's estate, brought this action in warranty and negligence against defendants Whiting Corporation, the manufacturer of the crane parts, Dearborn Fabricating & Engineering Company, the assembler of the crane parts, and N & K Electric Company, the electrical contractor which performed certain services in initially electrifying the crane.[1]

The circuitous history of this litigation in the courts of this state is as follows: after submission of plaintiff's proofs at the trial held in 1970, the trial court directed a verdict in favor of all three defendants. Appeal to the Court of Appeals followed and that Court, by order, remanded the proceedings to the trial court for reconsideration of its grant of directed verdict in light of a recent decision of the Court of Appeals[2] discussing the evidentiary weight to be accorded presumptions. Upon remand the trial court reconsidered his grant of directed verdict and granted plaintiff's

[1] Intervening plaintiff, Lumbermens Mutual Casualty Company, has filed no pleading here.

[2] *Wirtanen v The Prudential Insurance Co of America,* 27 Mich App 260; 183 NW2d 456 (1970), construing *In re Wood Estate,* 374 Mich 278; 132 NW2d 35; 5 ALR3d 1 (1965).

motion for a new trial with respect to all defendants. This ruling was again brought before the Court of Appeals. Acknowledging that the trial court had misconstrued the earlier remand,[3] that Court in its opinion at 42 Mich App 448; 202 NW2d 477, proceeded to uphold the trial court grant of new trial. The Court of Appeals then reversed itself upon rehearing,[4] reinstating the directed verdict as to all counts against defendants

[3] In its opinion the Court of Appeals viewed the incident as follows:

"Appeal from that directed verdict was taken of right. While that appeal still impended a motion was made in this court to remand the case to trial court for the purpose of making a motion for a new trial in *that* court. The motion in this case came on for hearing on a special motion docket. In support of this motion to remand it was represented to the panel hearing the motion that the trial court held that 'decedent was somehow contributorily negligent'. This was a clear misstatement. We attribute no improper motive to the misstatement but rather attribute it to the fact that appellate counsel may well have not had an opportunity to scrutinize the vast record, which at that time was not available to this Court. Disposition of the motion was made October 28, 1970. Just 20 days prior thereto this Court had released to the parties the opinion in *Wirtanen v The Prudential Insurance Company of America,* 27 Mich App 260 [183 NW2d 456] (1970). The panel was thus understandably concerned whether the trial judge and all counsel had *Wirtanen* available because it discussed the evidentiary weight to be accorded presumptions. Since in this case there were no witnesses to the fatal accident, the presumption that decedent was in the exercise of due care for his own safety was highly relevant to the issue of the claimed holding as to his contributory negligence. The panel issued an order which provided in pertinent part:

" '1) It is ordered that this cause be remanded to the trial court for further consideration in light of *Wirtanen v Prudential Insurance Co of America,* our docket #7134, released Oct. 8.

" '2) The *appeal* in this matter is hereby dismissed without prejudice to the rights of either party to file a motion to reinstate this cause in the Court of Appeals.' (Emphasis added.)

Instead of considering only the presumption of due care as it bore on the issue of decedent's claimed contributory negligence the trial judge read the limited order of remand to mean that he should reconsider the whole issue of granting directed verdicts as to all these defendants. He reversed his prior holding and granted plaintiff a new trial on the general ground that the minds of reasonable men could differ on the whole issue of negligence and breach of warranty of fitness."

[4] The opinion upon rehearing appears at 49 Mich App 481; 212 NW2d 324 (1973).

except the count against defendant Dearborn alleging negligence in failure to ground the electrical system of the crane. We granted leave to appeal.

Plaintiff first contends that the Court of Appeals failed to afford to plaintiff's decedent, in proper manner, the presumption that he had exercised reasonable care for his own safety at the time of his fatal injury.[5] Plaintiff would have this presumption—the presumption of due care—afford substantive evidence of defendants' negligence. The presumption, however, pertains to the conduct of plaintiff's decedent, rather than the conduct of the defendants. *Clark v Detroit & Mackinac R Co,* 197 Mich 489; 163 NW 964 (1917); and *Walsh v Grand Trunk WR Co,* 363 Mich 522; 110 NW2d 799 (1961). The trial court and the Court of Appeals found plaintiff's proofs respecting N & K Electric Company's and Whiting Corporation's negligence lacking. The presumption of due care, and the manner in which it was to be applied, were not relevant to the critical determination made by the court below.

Plaintiff next contends that the Court of Appeals erred in concluding that the proofs failed to establish a duty owed the decedent by defendants. Defendant Dearborn complains that it was error for the court to find a jury-submissible question respecting its alleged negligence in failing to ground the crane. We are unable to find any record evidence which establishes that decedent's death was causally connected with defendant Dearborn's alleged failure to properly ground the

---

[5] In raising this contention plaintiff urges that the Court of Appeals did not treat the presumption as substantive evidence in the manner prescribed in *In re Wood Estate, supra;* and *Wirtanen v The Prudential Insurance Co, supra.* Our resolution of this issue does not require that we address the merits of the *In re Wood Estate* and *Wirtanen* analysis.

crane. Plaintiff's expert witness could not testify as to decedent's location on the crane or whether the grounding had any causal connection with his death.[6]

The sole evidence presented consists of expert

[6] On cross-examination plaintiff's expert witness, Stephen S. Squillace, testified as follows:

"*Q.* * * * In any event, grounding or no grounding, if you don't know where this man was in relation to the top of that bridge on that crane, and the sergeant from the fire department says he doesn't recall, he doesn't know what part of the crane he was on, if he doesn't know that and you don't know it, then you don't know whether the grounding had anything to do with his death or not, do you?

"*A.* That's right. I don't.

"*Q.* And if I were to tell you, for example, that he was prone, just as an example, upon his face, lying on his face on top of that bridge of that crane, and I couldn't tell you how close he was to either end, or what hand was where, or what foot was where, or what portion of his body was touching anything, you wouldn't know whether the grounding was involved or not, would you?

"*A.* That's right.

\* \* \*

"*Q.* Well, so far, Mr. Squillace, whether the grounding would have anything to do with this incident is something nobody knows, and whether the runway conductors had anything to do with this incident nobody knows, huh?

"*A.* That's right, as far as I can see.

\* \* \*

"*Q.* * * * Whether or not grounding has anything to do with the death of Mr. Jordan depends on where he was and what he was doing when the juice went in his body, if it did, huh?

"*A.* It depends on where he was and how he made his connection, that's right.

\* \* \*

"*Q.* And I suggested to you that if Mr. Jordan climbed up on top of this crane and in some fashion was moving along the top of this crane to get in some sort of position someplace along the crane, and if in some fashion he turns up with a burn on his wrist and a burn on his stomach, while he is on the bridge of this crane someplace along the top of the bridge on this crane, any juice that came off of a bar or came from anyplace else would go right through him, wouldn't it?

"*A.* If he were touching the bar with his hand directly, yes.

"*Q.* That's what I said. You couldn't ground it under those circumstances? There's no way to ground it, is there?

"*A.* Well, you could ground it. It wouldn't help.

"*Q.* That's what I meant. So until you know where he was and what his position was on the crane, and what he had ahold of, and where

testimony that a hypothetical person making simultaneous contact with a live conductor and metal would have a "70 or 80 per cent chance of extracting himself from that connection" if the crane were grounded. The mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two. *Howe v Michigan Central R Co,* 236 Mich 577; 211 NW 111 (1926). The directed verdict in favor of defendant Dearborn is reinstated.

The Court of Appeals permitted N & K Electric and Whiting to tax one-half of their costs against Dearborn. Dearborn, in turn, was permitted to tax one-half of its costs against plaintiff. Our disposition of the case makes unnecessary the resolution of whether the defendants involved were "prevailing parties" within the meaning of GCR 1963, 526.1 and 822.

The original order of the trial court granting a directed verdict in favor of defendant Dearborn is reinstated. The award of costs to N & K Electric and Whiting against Dearborn is reversed. Dearborn may tax costs against plaintiff.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, and FITZGERALD, JJ., concurred.

LEVIN, LINDEMER, and RYAN, JJ., took no part in the decision of this case.

---

the burns were, if he had any or not, you don't know whether the ground would help or not, do you?

"A. That's correct."