LYMAN v BAVAR COMPANY, INC

Docket No. 65418. Submitted December 8, 1983, at Grand Rapids.—
Decided August 6, 1984.

John R. Lyman brought an action against Bavar Company, Inc.,
owner of the Bavarian Inn, and James G. Brower and Gary W.
Melchert, Jr., in the Kent Circuit Court for damages for inju-
ries received in a fight outside the Bavarian Inn. Brower and
Melchert were minors at the time and, prior to the fight, had
been drinking in the Bavarian Inn. The jury returned a verdict
for plaintiff against all three defendants and found plaintiff to
be 10% negligent. The court, Robert A. Benson, J., entered
judgment, reducing the jury award 10% as to Brower and
Melchert. Bavar Company appealed, alleging, among other
things, that the award should have been reduced 10% with
respect to it also. *Held:*

1. In an action under the dramshop act, the dramshop owner
and his surety shall have available to them all the factual
defenses available to the intoxicated person or minor. Thus,
comparative negligence in causing the accident applies to suits
under the dramshop act where it does not involve bringing
about the intoxication.

2. Bavar Company's other allegations are without merit.

Affirmed as modified.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — DEFENSES — COMPARA-
TIVE NEGLIGENCE.

In an action under the dramshop act, the dramshop owner and
his surety shall have available to them all the factual defenses
available to the intoxicated person or minor; thus, comparative
negligence in causing the accident applies to suits under the
dramshop act where it does not involve bringing about the
intoxication (MCL 436.22[5]; MSA 18.993[5]).

2. JUDGMENTS — JUDGMENT NOTWITHSTANDING THE VERDICT.

The grant of a defendant's motion for a judgment notwithstand-

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors §§ 588, 591.
[2] 46 Am Jur 2d, Judgments §§ 113, 117.

ing the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff, giving the plaintiff the benefit of every reasonable inference that can be drawn from the evidence.

*Cholette, Perkins & Buchanan* (by *Grant J. Gruel* and *Jeffrey H. Beusse),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and J. G. ROSKOPP,\* JJ.

J. G. ROSKOPP, J. In this action, plaintiff sought to recover damages from defendants Brower and Melchert on a negligence theory and from defendant Bavar Company, Inc., pursuant to the dramshop act, MCL 436.22; MSA 18.993. After a jury trial, a verdict for plaintiff was returned in the amount of $375,000 against all three defendants. Plaintiff's recovery against defendants Brower and Melchert was reduced by 10% for plaintiff's comparative negligence. Defendant Bavar Company appeals as of right.

Bavar Company argues that the verdict against it should have been reduced by 10% for plaintiff's comparative negligence. To recover under the dramshop act, a plaintiff must show that there was a causal connection between the unlawful sale of intoxicating liquor and the plaintiff's injuries. *Watson v Ristow,* 42 Mich App 318, 321; 201 NW2d 289 (1972). MCL 436.22(5); MSA 18.993(5) contains the following provision, added to the statute by 1972 PA 196:

"[A]ll factual defenses open to the alleged intoxicated

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

person or minor shall be open and available to the principal and surety."

Bavar Company was the principal on a bond required by MCL 436.22(2); MSA 18.993(2) and therefore was able to assert any factual defense open to Brower and Melchert.

The defense of comparative negligence was adopted in Michigan in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). Under *Placek,* a plaintiff's negligence is a partial bar to his recovery; the plaintiff's recovery is reduced to the extent that his or her negligence contributed to the injury. 405 Mich 650, fn 1. In *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29, 40; 323 NW2d 270 (1982), the Court explained:

"Under *Placek,* the defendant must pay the full percentage of damages caused by his negligence."

Comparative negligence is therefore a factual defense based on causation. Plaintiff, however, points to *Dahn v Sheets,* 104 Mich App 584, 592-593; 305 NW2d 547 (1981), in which the Court said:

"Plaintiffs also argue that in light of *Placek* * * * a person's participation in bringing about the intoxication which led to his injury should not be a bar to recovery. We disagree. The dramshop act is the legislatively-created exclusive remedy for injuries arising out of unlawful sales of intoxicating beverages by licensed retailers, and the cause of action is not based on negligence. See *Rowan v Southland Corp,* 90 Mich App 61; 282 NW2d 243 (1979). *Placek* only has applicability to common law tort actions sounding in negligence. If the comparative negligence doctrine is to be applied in dramshop actions, the Legislature must mandate this change."

*Dahn* is distinguishable from this case. *Dahn* involved negligent participation of the plaintiff in bringing about the intoxication. Because the dramshop is liable for injuries caused by its illegal sale of intoxicating liquor, the *Dahn* panel properly rejected the defense of comparative negligence on the facts before it. Cases reaching similar conclusions include *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383, 389; 134 NW2d 713 (1965) (contributory negligence); *James v Dixon,* 95 Mich App 527, 534-535; 291 NW2d 106 (1980), and *Barrett v Campbell,* 131 Mich App 552; 345 NW2d 614 (1983). Here, however, the defense of comparative negligence was not asserted on the theory that plaintiff negligently participated in bringing about the intoxication; instead, defendants' theory was that plaintiff's own negligence, as well as negligence by the intoxicated defendants, contributed to the injuries. To the extent that plaintiff's injuries were caused by his own negligence unrelated to bringing about the intoxication, they were not caused by the illegal sale of intoxicating liquor.

We hold that the defense of comparative negligence is available to a dramshop defendant where it could be asserted by the allegedly intoxicated person or minor and where it does not involve negligence in bringing about the intoxication. Defendant Bavar Company is entitled to have the judgment against it reduced by 10% for plaintiff's comparative negligence.

Other issues raised by defendant Bavar Company require little discussion. We are convinced that any error in admitting evidence that Brower and Melchert had engaged in fights while intoxicated was harmless, because defendants were permitted to introduce equally damaging evidence concerning fighting by plaintiff. A judgment not-

withstanding the verdict on defendant's motion is proper only if, viewing the evidence in the light most favorable to plaintiff, the evidence is insufficient as a matter of law to support a verdict for plaintiff. See, for example, *Sabraw v Michigan Millers Mutual Ins Co,* 87 Mich App 568, 571; 274 NW2d 838 (1978), *rev'd on other grounds sub nom Smith v Allendale Mutual Ins Co,* 410 Mich 685; 303 NW2d 702 (1981). Ample evidence was presented to sustain the trial court's denial of defendant's motion for judgment notwithstanding the verdict. The record does not support defendant's claim that the verdict was necessarily the product of passion or prejudice.

Affirmed as modified.