RODRIGUEZ v SOLAR OF MICHIGAN, INC

Docket Nos. 119666, 119721, 119722, 121145, 121146. Submitted June
5, 1991, at Lansing. Decided October 8, 1991, at 9:50 A.M. Leave
to appeal sought.

Several actions were brought in the Genesee Circuit Court after
Alfredo Alonzo and Todd Savoie died in a collision of automo-
biles they were driving while each was intoxicated. Frances
Rodriguez, as personal representative of the estate of Alfredo
Alonzo, brought a wrongful death action against Solar of Michi-
gan, Inc., which had hosted a party that Todd Savoie, age
nineteen, had attended; Peter Savoie, who owned the automo-
bile Todd Savoie was driving; and Patricia Savoie, who was the
personal representative of the estate of Todd Savoie. Alonzo's
surviving family members brought a dramshop action against
Restaurants by Bosley, Inc., which had catered the Solar party.
Patricia Savoie, as personal representative of the estate of Todd
Savoie, brought a wrongful death action against Solar. Peter
and Patricia Savoie, as Todd Savoie's surviving parents,
brought a dramshop action against Bosley. Solar and Bosley
filed cross-claims against one another. The claims were consoli-
dated for trial, Robert M. Ransom, J., and a jury returned
verdicts and damage awards in favor of Rodriguez, the Alonzos,
and the Savoies after finding Todd Savoie fifty percent negli-
gent, Bosley forty percent negligent, and Solar ten percent
negligent. Appeals and cross appeals were consolidated.

The Court of Appeals held:

1. The trial court abused its discretion in excluding evidence
of Alfredo Alonzo's intoxication. That evidence was relevant to
issues of comparative negligence, proximate causation, and
impeachment of witnesses. The trial court also erred in direct-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 582, 583, 588; Negligence § 1175.
Contributory negligence allegedly contributing to cause of injury as
    defense in civil damage act proceeding. 64 ALR3d 849.
Third person's participating in or encouraging drinking as barring
    him from recovering under civil damage or similar acts. 26
    ALR3d 1112.

ing verdicts in favor of Rodriguez and the Alonzos with respect to Alfredo Alonzo's comparative negligence.

2. The trial court erred in allowing Bosley to assert comparative negligence by Peter and Patricia Savoie as a defense to their dramshop action. Although recovery in a dramshop action is precluded to a plaintiff who actively participated in the intoxication of the alleged intoxicated person, the Savoies did not in any way cause their son's intoxication or any of the resulting injuries.

3. The trial court abused its discretion in excluding evidence indicating that a whiskey bottle was found near the accident scene. That evidence was relevant to the question of the comparative negligence of the decedents and to whether Todd Savoie had obtained alcohol from a source other than Bosley.

4. The trial court did not err in denying Bosley's motion for summary disposition of the Alonzo's dramshop action. By failing to raise the issue in its responsive pleadings, Bosley waived the defense that the Alonzos failed to name and retain the alleged intoxicated person in their complaint. Bosley's other basis for its motion, that the Alonzo plaintiffs who were Alfredo Alonzo's stepchildren and step-grandchildren could not recover as "other persons" under the dramshop act, was without merit. The term "other person," as used in the dramshop act, includes those injured in person, property, means of support, or otherwise by a visibly intoxicated person.

5. The trial court erred in failing to waive interest on the judgment against Bosley during the period proceedings were stayed pursuant to the Property and Casualty Guaranty Association Act, MCL 500.7945; MSA 24.17945, as a result of the insolvency of Bosley's insurer.

6. The trial court did not err in refusing to rule as a matter of law that Solar was not a social host for purposes of liability under MCL 436.33(1); MSA 18.1004(1). Because the facts of these cases could support a finding that Solar and Bosley were joint social hosts, Bosley's liability as a social host does not necessarily absolve Solar of similar liability.

7. The claim by Patricia Savoie, as personal representative of the estate of Todd Savoie, that a release executed by Frances Rodriguez, as personal representative of the estate of Alfredo Alonzo, in favor of Peter Savoie, as owner of the automobile Todd Savoie was driving, also operated to release the estate of Todd Savoie, is without merit. The terms of the release clearly and unambiguously referred only to Peter Savoie.

8. The trial court did not err in precluding Peter and Patricia Savoie in their dramshop action from offering proof of, and recovering damages for, the loss of investment in or services of

their son Todd. A parent's right to recover for the loss of a minor child's services continues until the child reaches the age of majority. The Savoies were precluded such recovery because Todd had attained the age of majority.

Reversed and remanded for a new trial.

INTOXICATING LIQUORS — DRAMSHOP ACTIONS — DEFENSES — COMPARATIVE NEGLIGENCE.

In dramshop actions, the defense of comparative negligence is not available against the plaintiff parents of an intoxicated minor who caused an injury where the parents were not negligent in any way and did not contribute to the cause of the injury.

*Jerome F. O'Rourke,* (*Robert D. Goldstein,* of Counsel), for Frances Rodriguez, Maria Alonzo, and others.

*Peacock, Fordney, Cady, Ingleson & Prine, P.C.* (by *Victor J. Mastromarco, Jr., Andrew W. Prine,* and *Lynne M. Brown*), for Peter Savoie and Patricia Savoie.

*Thomas C. Wimsatt* and *Robert A. Hahn,* for Solar of Michigan, Inc.

*Kallas, Lower, Henk & Treado, P.C.* (by *Constantine N. Kallas*), for Restaurants by Bosley, Inc.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and W.P. CYNAR,* JJ.

PER CURIAM. These consolidated wrongful death and dramshop actions arise out of a December 22, 1984, automobile accident in which Alfredo Alonzo and Todd Savoie were killed when the cars they were driving collided. Frances Rodriguez, as personal representative of the estate of Alonzo, brought a wrongful death action against Solar of Michigan, Inc., at whose Christmas party Todd Savoie allegedly consumed alcoholic beverages, and against Peter Savoie, Todd's father, who held

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

title to the car Todd was driving.[1] Patricia Savoie, as personal representative of the estate of Todd Savoie, was later added as a defendant in that action. Alonzo's family members brought a dramshop action against Restaurants by Bosley, doing business as Bosley's, which was Solar's caterer. Patricia Savoie, as personal representative of the estate of Todd Savoie, brought a wrongful death action against Solar, and Peter and Patricia Savoie, as the parents of Todd, filed a dramshop action against Bosley's. Solar and Bosley's filed cross-claims against each other in regard to these cases. The trial court consolidated the cases for trial, and the jury returned verdicts in favor of plaintiffs Rodriguez, Alonzo and Savoie. Various parties appealed and cross appealed. We reverse and remand for a new trial.

On December 21, 1984, Solar sponsored a Christmas party catered by Bosley's in Bosley's banquet room. Nineteen-year-old Todd Savoie, an employee of one of Solar's subcontractors, attended and obtained alcohol at the party. At approximately 1:30 A.M. on December 22, 1984, Orlie Wilson was driving west on M-57 west of Montrose, Michigan, and observed Todd's car weaving and coming up fast behind him. Todd's car went off the road to the right, then came back across almost hitting the rear end of Wilson's car, and went off the road on the other side, passing Wilson's car on the left. After Todd's car passed, it continued to weave on and off the road, back and forth across the center line. Wilson then was passed by Steve Carstensen, who was following Todd, hoping to see a license plate number because Todd had almost run him off the road. Wilson and Carstensen soon arrived at the scene of the accident. Alonzo's car and Todd's car had collided in the eastbound lane of M-57.

---

[1] The suit against Peter Savoie was settled before trial.

Both drivers died. Todd's blood alcohol level was 0.21 percent and Alonzo's was 0.24 percent.

The jury found that Todd Savoie was fifty percent at fault for the accident, Bosley's was forty percent at fault, and Solar was ten percent at fault. The jury awarded plaintiffs Rodriguez and Alonzo $770,000 and plaintiffs Savoie $250,000, which was reduced by the percentage of Todd's fault. From the judgment issued after the verdict, the parties appealed and cross appealed, raising numerous issues.

First, defendants Solar and Bosley's claim that the trial court erred in precluding any reference to Alonzo's intoxication. The trial court determined that because there was no evidence that Alonzo's intoxication was a contributing factor in the accident, such evidence was not relevant. Defendants claim that the evidence is relevant to the issues of comparative negligence, proximate cause, the relative degree of fault of the various parties, the amount of damages, and for the impeachment of the testimony of Alonzo's widow regarding Alonzo's character, her knowledge of his activities on the night of the accident, and the amount of support he provided. We agree with defendants that this evidence was relevant and admissible.

The decision whether to admit certain evidence rests within the sound discretion of the trial court and will not be set aside absent an abuse of discretion. *Shanz v New Hampshire Ins Co,* 165 Mich App 395, 405; 418 NW2d 478 (1988). Generally, relevant evidence is admissible and irrelevant evidence is not. MRE 402. Evidence is relevant if it has any tendency to make the existence of a fact at issue more probable or less probable than it would be without the evidence. MRE 401.

Violation of a statute by a plaintiff or a defendant creates a prima facie case from which a jury

may draw an inference of negligence. *Zeni v Anderson,* 397 Mich 117, 122; 243 NW2d 270 (1976). Operating a car on a public highway while intoxicated violates MCL 257.625; MSA 9.2325. The standards for determining the comparative negligence of a plaintiff are indistinguishable from the standards for determining the negligence of a defendant, and the question of a plaintiff's own negligence for failure to use due care for his own safety is a jury question unless all reasonable minds could not differ or because of some ascertainable public policy consideration. *Lowe v Estate Motors Ltd,* 428 Mich 439, 455-461; 410 NW2d 706 (1987). In addition, proximate cause is an issue for the jury, provided that there is evidence from which reasonable persons could draw a fair inference that the injury was caused by negligence. *Taylor v Wyeth Laboratories, Inc,* 139 Mich App 389, 395; 362 NW2d 293 (1984). It is for the jury to determine whether a violation of a statute was a proximate cause of the accident. See *Klanseck v Anderson Sales & Service, Inc,* 426 Mich 78, 86; 393 NW2d 356 (1986).

Here, the evidence of Alonzo's intoxication should not have been excluded. There was sufficient evidence regarding Alonzo's alleged negligence on which reasonable minds could differ and from which the jury could have drawn a fair inference of a causal connection. On a separate record, Dr. Spitz testified regarding the effects that a 0.24 percent blood alcohol level would have on someone driving a car, including long reaction times, slow reflexes, impaired judgment, tunnel vision, inability to assess one's own speed, inability to interpret distance and time, and inability to deal with a sudden emergency. He concluded that Alonzo's intoxication was a contributing cause of the accident. Further, one of the plaintiffs' experts,

when testifying in regard to Todd Savoie's intoxication, asserted some of the same effects of alcohol on a person, particularly the impairment of driving ability.

In addition, there were no skid marks at the scene of the accident, and no evidence that Alonzo took any evasive action. Carstensen could see Todd's taillights swerve and then disappear, but did not see any headlights, although a bridge and a dip in the road may have obstructed his view of Alonzo's car. Although no one actually witnessed the collision and saw the actions of Alonzo, from the evidence mentioned above we find that his intoxication was relevant to the issues of comparative negligence, proximate cause, and relative degree of fault of the parties and that evidence of his intoxication was admissible for use in impeachment. Therefore, we find that the trial court abused its discretion in excluding this evidence. Accord *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 608-609; 324 NW2d 96 (1982). See also *De Voe v C A Hull, Inc,* 169 Mich App 569, 576-578; 426 NW2d 709 (1988).[2]

Second, as a consequence of our finding that the trial court erred in excluding evidence of Alonzo's intoxication, we also would find that the trial court erred in directing a verdict in favor of plaintiffs Rodriguez and Alonzo with respect to the issue of comparative negligence. The evidence outlined above, along with all legitimate inferences drawn from that evidence, is sufficient to establish a prima facie case of comparative negligence when

---

[2] However, the trial court did not err in excluding certain of the Alonzo plaintiffs' pleadings, which were superseded by amendment, referring to Alonzo's intoxication in regard to their dismissed dramshop action against Pintown Lanes. We believe the concerns expressed in *Slocum v Ford Motor Co,* 111 Mich App 127, 133-134; 314 NW2d 546 (1981), invoking the exception to the general rule of admissibility are applicable in the present case. See also *Larion v Detroit,* 149 Mich App 402, 405-409; 386 NW2d 199 (1986).

viewed in a light most favorable to the nonmoving party. See *Hunt v CHAD Enterprises, Inc,* 183 Mich App 59, 62; 454 NW2d 188 (1990).

Third, plaintiffs Peter and Patricia Savoie claim that the trial court erred in allowing defendant Bosley's to assert comparative negligence as a defense to their dramshop claim, because the negligence asserted was that of Todd, the alleged intoxicated person, and not the negligence of the plaintiff parents. We agree.

Historically, the doctrine of comparative negligence has not been recognized as a valid defense in Michigan dramshop actions. *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383, 389-390; 134 NW2d 713 (1965); *James v Dixon,* 95 Mich App 527, 534; 291 NW2d 106 (1980). In *Craig v Larson,* 432 Mich 346; 439 NW2d 899 (1989), the Supreme Court rejected an invitation to apply the doctrine of comparative negligence to dramshop cases brought by "noninnocent" plaintiffs. Rather, it left in place the noninnocent party doctrine, which precludes recovery by a plaintiff who actively participates in the intoxication of the alleged intoxicated person. However, the Court did not reach the question whether comparative negligence is available as a defense in a dramshop action where the plaintiff's fault does not involve participation in bringing about the intoxication of the person who caused the plaintiff's injury. *Id.,* p 354, n 10. The *Craig* Court cited two Court of Appeals cases in which the comparative negligence of a plaintiff was allowed as a defense where the plaintiff's negligence did not have anything to do with bringing about the intoxication and where the defense could also be asserted by the intoxicated driver. See *Heyler v Dixon,* 160 Mich App 130, 153-154; 408 NW2d 121 (1987); *Lyman v Ba-*

*var Co, Inc,* 136 Mich App 407, 410; 356 NW2d 28 (1984).

However, in those cases, it was the plaintiff's own negligence that was asserted as a defense. Here, there is no claim that the plaintiff parents were negligent in causing the injuries in any way. Further, no comparative negligence could be asserted by the intoxicated driver, Todd, against his parents. Thus, even accepting the *Heyler* and *Lyman* position that comparative negligence is a viable defense in dramshop actions in certain situations, it is not available against the plaintiff parents under the facts of this case. We note that in Minnesota, where the dramshop act specifically provides that the comparative negligence statute is applicable in dramshop actions, the courts have refused to apply the intoxicated person's comparative negligence to innocent plaintiffs who were family members of the intoxicated person. *Bushland v Corner Pocket Billiard Lounge of Moorehead, Inc,* 462 NW2d 615 (Minn App, 1990); *Paulson v Lapa, Inc,* 450 NW2d 374, 381-384 (Minn App, 1990). Rather, the application of comparative negligence in such cases would reduce the recovery of the innocent third-party plaintiffs only to the extent that their *own* negligence contributed to the loss. *Bushland,* p 617.[3]

Bosley's contends that it is unjust that Solar can benefit from the comparative negligence defense in

[3] Additionally, we note that the type of damages plaintiff parents seek in this case, being loss of companionship, love, society, and so on, are derivative. We recognize that for some derivative claims, such as loss of consortium, the derivative claimant's recovery is reduced by the amount of the comparative negligence of the principal. See *Danaher v Partridge Creek Country Club,* 116 Mich App 305, 320-321; 323 NW2d 376 (1982). However, this Court has determined that in a dramshop action the parents have a cause of action in their own name, and the action is not a derivative suit. *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398, 407; 464 NW2d 902 (1990); *Scholten v Rhoades,* 67 Mich App 736, 742; 242 NW2d 509 (1976).

the wrongful death action while Bosley's cannot benefit from it in the dramshop action. Bosley's argues that because Solar and Bosley's have rights of contribution against each other, if Bosley's could not recover the full measure of damages against Solar for contribution, Bosley's would pay a larger share of the damages than those allocated to it by the jury. However, if the damages for each of these causes of action were determined separately, instead of being lumped together as was done, the subsequent application of contribution between Bosley's and Solar would solve any inequities.

The negligence of the intoxicated minor cannot be imputed to innocent plaintiffs in a dramshop action. Consequently, the trial court erred in allowing Bosley's to present comparative negligence as a defense.

As a result of our resolution of these issues, we reverse the judgment in this case and remand for a new trial. However, we will address several additional issues in order to provide guidance on retrial.

Fourth, defendant Bosley's claims that the trial court abused its discretion in excluding from the evidence testimony that a whiskey bottle was found near the accident scene. There was no other evidence tying the bottle to the accident or to either of the cars involved. Consequently, the trial court ruled that this evidence would not be admitted unless a foundation was laid making it relevant.

Because one of the facts at issue in this case was whether Todd had obtained and consumed alcohol from a source other than Bosley's, the presence of the whiskey bottle at the accident scene had some tendency to make more probable the fact that Todd had obtained alcohol from an additional

source, possibly affecting the relative degrees of fault determined by the jury. See MRE 401. Further, the presence of a whiskey bottle at the accident scene where both drivers were intoxicated tends to be relevant. Therefore, we believe that evidence regarding the whiskey bottle is relevant and should be admitted on retrial.

Fifth, defendant Bosley's contends that the trial court erred in denying its motion for summary disposition that was based on the Alonzo plaintiffs' failure to name and retain the alleged intoxicated person in their complaint, as required by MCL 436.22(5); MSA 18.993(5), now MCL 436.22(6); MSA 18.993(6), before the expiration of the period of limitation. See MCR 2.116(C)(7). However, Bosley's waived this defense by failing to timely raise it in its responsive pleadings. See MCR 2.111(F)(2) and (3); MCR 2.116(D)(2). We find no error.

Sixth, defendant Bosley's also claims that the trial court erred in denying its motion for summary disposition that was based on a claim that Alonzo's stepchildren and step-grandchildren were not "other persons" entitled to recovery under the dramshop act.[4] However, the words "or other person" in the applicable statute and its predecessors have been given a broad interpretation, *LaBlue v Specker,* 358 Mich 558, 568; 100 NW2d 445 (1960); *Brannstrom v Tippman,* 141 Mich App 664, 670-671; 367 NW2d 902 (1985), and were intended to cover all persons so injured, i.e., "injured in person, property, means of support, or otherwise, by a visibly intoxicated person." MCL 436.22(5); MSA 18.993(5), as in effect at the time of the accident. But see *Ford v Wagner,* 153 Mich App 466; 395 NW2d 72 (1986). Although the trial court denied

---

[4] 1986 PA 176 deleted the phrase "or other person" from the list of those entitled to recover, but that amendment is not applicable in this case.

Bosley's motion on a different ground without reaching the substance of the question, we would not find that it abused its discretion in denying the motion as long as these persons brought sufficient proofs of their injuries.

Seventh, Bosley's claims that interest should not accrue on the judgment during the period the proceedings were stayed because of its insurer's insolvency. Bosley's' insurer, a member of the Michigan Property and Casualty Guaranty Association, was declared insolvent during the proceedings in this case. The proceedings were stayed for six months, pursuant to MCL 500.7945; MSA 24.17945[5] of the Property and Casualty Guaranty Association Act, MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*[6] After the verdict in favor of plaintiffs, the trial court, over Bosley's objection, entered the judgment without waiving interest for the period during which the stay was in effect.

The issue whether a stay tolls the accruing of statutory prejudgment interest, MCL 600.6013; MSA 27A.6013, was discussed in *Heyler, supra,* pp 151-153. The *Heyler* Court upheld the lower court's disallowance of interest during a stay of proceedings while awaiting a relevant Supreme Court decision because the delay was not the fault of, nor was it caused by, the defendant. Similarly,

[5] That statute provides:

All proceedings in any court of law of this state to which the insolvent insurer is a party, or in which the insurer is obligated to defend or has assumed the defense of a party, shall be stayed for 6 months after the date a receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit proper defense of all pending causes of action.

[6] This act was designed to protect insureds and persons with claims against insureds from potentially catastrophic loss in the event the insurer becomes insolvent, and also to protect the MPCGA by affording it the same rights that the solvent insurer would have had if not in receivership, including the right to appear, defend, and appeal a claim. *Young v Shull,* 149 Mich App 367, 373; 385 NW2d 789 (1986).

in this case the delay was not the fault of Bosley. Thus, interest should be waived for the period during which the stay was in effect.

Eighth, defendant Solar claims that the trial court erred in declining to rule as a matter of law that Solar was not a social host for purposes of liability under MCL 436.33(1); MSA 18.1004(1), see *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), and allowing the question to go to the jury. Solar argues that it should avoid liability under this statute because Bosley's was an independent contractor that furnished all the alcohol at the party.

Generally, social host liability turns on the control over, or active participation in, supplying a minor with alcohol. See *Christensen v Parrish,* 82 Mich App 409, 412; 266 NW2d 826 (1978). See also *Bambino v Dunn,* 166 Mich App 723, 732; 420 NW2d 866 (1988), and *Reinert v Dolezel,* 147 Mich App 149; 383 NW2d 148 (1985). Here, Solar was more than merely present when minors were consuming alcohol at the party. Although Solar did not physically bring the alcohol to the party, it paid for the alcohol and requested two open bars. There was testimony that Solar wanted minors to be served alcohol. While Bosley's had the duty to check identification when guests ordered alcohol, Solar clearly maintained some control over the supplying of alcohol to minors. This is further evidenced by Solar's participation in taking alcoholic drinks away from minors when Mr. Bosley indicated that he might have to close the bars because of a problem with minors drinking. Bosley's liability as a social host does not necessarily absolve Solar of liability; there can be joint social hosts. See *Longstreth* and *Bambino, supra,* citing *People v Lumley,* 189 Mich 613; 155 NW 486

(1915). Consequently, the trial court did not err in refusing to rule that Solar was not a social host.

Ninth, defendant Patricia Savoie, as personal representative of the estate of Todd Savoie, claims that a release executed between plaintiff Rodriguez, as personal representative of Alonzo's estate, and Peter Savoie, as owner of the car Todd Savoie was driving at the time of the accident, released the estate of Todd Savoie from liability in addition to releasing Peter Savoie. The language of the release purports to release and hold harmless only Peter Savoie; it makes no reference to the estate.

The scope of a release is governed by the intent of the parties as it is expressed in the release. *Adell v Sommers, Schwartz, Silver & Schwartz, PC,* 170 Mich App 196, 201; 428 NW2d 26 (1988); *Trongo v Trongo,* 124 Mich App 432, 435; 335 NW2d 60 (1983). However, this Court will look beyond the language of the release to determine its fairness and the intent of the parties upon executing it. *Id.* In this case, the language of the release is clear and unambiguous in holding only Peter Savoie harmless from liability. The amount of consideration for the release of Peter Savoie was fair, and defendant Patricia Savoie brings no argument or evidence that convinces us that the parties intended to release the estate. Therefore, we find this issue to be without merit.

Tenth, plaintiffs Peter and Patricia Savoie claim that they should have been allowed to offer proofs regarding, and recover damages for, the loss of investment in or services of their son, Todd, in their dramshop action.

Parents' right to recover for the loss of a minor child's services continues until the child reaches majority. *Rohm v Stroud,* 386 Mich 693, 696; 194 NW2d 307 (1972). In this case, while Todd was a minor for purposes of the Liquor Control Act, see

MCL 436.33(1); MSA 18.1004(1), he had reached the age of majority and was an adult for other purposes. MCL 722.52(1); MSA 25.244(52)(1). The plaintiff parents argue that Todd was living with them and they were financing his education at the time of his death and that they should be allowed to recover for these damages. However, the fact remains that Todd was an adult, and the plaintiff parents were not entitled to damages for loss of investment or services in this case.

We decline to address the other issues raised by the parties.

Reversed and remanded for a new trial. We do not retain jurisdiction.