BROWN v SWARTZ CREEK MEMORIAL POST 3720—VETERANS
OF FOREIGN WARS, INC

Docket No. 165565. Submitted June 20, 1995, at Lansing. Decided
October 13, 1994, at 9:10 A.M.

Michael Brown brought an action in the Genesee Circuit Court
against Swartz Creek Memorial Post 3720—Veterans of For-
eign Wars, Inc., and Johnny Ward, seeking damages for inju-
ries suffered by the plaintiff in an altercation with defendant
Ward. The claim against defendant Ward sounded in negli-
gence and assault and battery, and the claim against defendant
VFW was based on dramshop liability. The trial began before
Judge Nathaniel Perry, a visiting judge sitting for Judge Rob-
ert M. Ransom; however, after three days of testimony, the
trial was adjourned for thirty-four days because of scheduling
difficulties. When the trial resumed, Judge Ransom presided.
The court denied defendant VFW's motion for a mistrial based
on the delay. At the conclusion of the testimony, the jury
returned a special verdict consisting of fourteen questions. On
the basis of judicial notice, it was found that defendant Ward
had committed an assault and battery on the plaintiff and that
the assault and battery had been a proximate cause of the
plaintiff's injuries. The jury found that defendant VFW had
furnished alcohol to Ward while he was visibly intoxicated and
that such furnishing of the alcohol had been a proximate cause
of the plaintiff's injuries. The jury further found that the
plaintiff had engaged in a mutual affray with Ward, but that
Ward had used unreasonable force against the plaintiff. The
jury apportioned the damages between the two defendants,
holding that forty percent of the damages were attributable to
Ward and sixty percent to the VFW. The total damages were
found to be $40,000. The jury further found that Ward's negli-
gence had been a proximate cause of the plaintiff's injuries, but
that the plaintiff also had been negligent, that the plaintiff's
negligence had been a proximate cause of his injuries, and that
the plaintiff's negligence constituted forty percent of the total

REFERENCES
Am Jur 2d, Assault and Battery § 127; New Trial § 109; Trial § 222.
See ALR Index under Assault and Battery; New Trial.

negligence that proximately had caused the injuries. The court entered a joint and several judgment in the full amount of the verdict, finding that the plaintiff's comparative negligence neither was a defense to the assault claim nor had any effect on the VFW's dramshop liability. The court awarded attorney fees and costs against the defendants on the basis that the judgment entered exceeded the average offer of judgment and ordered the VFW to pay the cost of the preparation of transcripts of the proceedings before Judge Perry that had been necessary in order for it to evaluate the VFW's motion for a mistrial. The VFW appealed.

The Court of Appeals *held:*

1. A new trial may be granted on the basis of a substitution of the trial judge only on the showing of actual prejudice resulting from the substitution. Because the VFW has failed to show actual prejudice arising from either the substitution of the judge or from the lengthy adjournment during the trial, the trial court's refusal to grant the mistrial because of either the substitution or the adjournment does not constitute error requiring reversal.

2. Although, as a general rule, a person who intentionally injures another is not entitled to mitigate damages on the basis of comparative negligence, where, as here, a plaintiff and a defendant engage in a mutual affray, a jury properly may find that the plaintiff's injuries were attributable to both the plaintiff and the defendant and may mitigate and apportion the fault for the injuries using the principles of comparative fault. Because the plaintiff was a willing combatant, the trial court should have reduced the plaintiff's recovery by the degree of the plaintiff's fault. The total verdict, not just the damages assessed against defendant Ward, should be reduced by forty percent to reflect the amount of fault the jury attributed to the plaintiff.

3. The trial court erred in refusing to apportion the damages between the two defendants in accordance with the findings of the jury concerning the apportionment of damages. Accordingly, on remand, the trial court must apportion the damages between the defendants pursuant to MCL 600.6304(5); MSA 27A.6304(5).

4. Because the amount of the judgment against the VFW will be reduced as a result of the application of comparative fault, the trial court on remand must reconsider the issue whether the plaintiff is entitled to sanctions and costs pursuant to MCR 2.405.

5. The trial court was without authority to order the VFW to

pay for the cost of the preparation of the transcripts of the first portion of the trial that had been necessary so that it could become familiar with the nature of the proceedings that took place before Judge Perry in order to make a meaningful ruling with respect to the VFW's motion for a mistrial.

6. The dramshop claim against the VFW was not barred by reason of the fact that the injuries arose out of a mutual affray. Rather, the damages as a result of that affray must be reduced by the degree of fault attributable to the plaintiff.

7. Because the plaintiff failed to move for a new trial, the question whether the verdict is against the great weight of the evidence will not be considered on appeal.

Judgment vacated and case remanded.

1. TRIAL — SUBSTITUTION OF JUDGES — MISTRIAL — PREJUDICE.

A new trial may be granted on the basis of a substitution of the trial judge only on the showing of actual prejudice resulting from the substitution.

2. ASSAULT AND BATTERY — DAMAGES — COMPARATIVE FAULT — APPORTIONMENT OF DAMAGES.

Although, as a general rule, a person who intentionally injures another is not entitled to mitigate damages on the basis of comparative negligence, where a plaintiff and a defendant engage in a mutual affray a jury properly may find that the plaintiff's injuries were attributable to both the plaintiff and the defendant and may mitigate and apportion the fault for the injuries using the principles of comparative fault.

*Tom R. Pabst,* for the plaintiff.

*Kallas & Henk, P.C.* (by *Douglas D. Moseley*), for Swartz Creek Memorial Post 3720 of the VFW.

Before: SAAD, P.J., and TAYLOR and P. J. CONLIN,* JJ.

PER CURIAM. Defendant Swartz Creek Memorial Post 3720—Veterans of Foreign Wars, Inc., appeals as of right from a June 15, 1992, judgment of $40,000 for plaintiff following a jury trial. The judgment was entered against the VFW and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

individual defendant, Johnny Ward, jointly and severally. We vacate the judgment and remand for entry of an amended judgment in accordance with this opinion.

This case arose as the result of an altercation between plaintiff and Ward. Ward had consumed alcohol at the VFW, then went to the home of his estranged wife, and confronted plaintiff. Ward believed that plaintiff was having sexual relations with Ward's wife. A fight ensued, during which plaintiff was beaten and stabbed. Ward pleaded guilty of felonious assault in criminal proceedings.

Plaintiff filed a civil suit against Ward under the theories of assault and battery and negligence. Plaintiff also brought a claim against the VFW for violating the dramshop act, MCL 436.22 *et seq.*; MSA 18.993 *et seq.* The case was assigned to Genesee Circuit Judge Robert Ransom. However, trial began before Judge Nathaniel Perry, a visiting judge sitting for Judge Ransom. After three days of testimony, the matter was adjourned for thirty-four days because of scheduling difficulties. The trial resumed with Judge Ransom presiding. The VFW moved for a mistrial based on the delay; the motion was denied.

At the conclusion of the trial, the jury entered its verdict via a special verdict form that contained fourteen questions with answer blanks. The answers to the first two questions were supplied by the trial judge, i.e., in answer to the first question, the court took judicial notice that Ward had committed an assault and battery upon plaintiff based on Ward's criminal conviction and, in answer to the second question, it took notice that Ward's assault and battery was a proximate cause of plaintiff's injury.

The next two questions concerned plaintiff's claim against the VFW. In answer to the third

question, the jury found that the VFW did furnish Ward with alcohol at a time when he was visibly intoxicated. In answer to the fourth question, the jury found that the VFW's act of furnishing the alcohol was a proximate cause of plaintiff's injuries.

The fifth and sixth questions concerned the affirmative defense of self-defense under the assault and battery theory. In answer to the fifth question, the jury found that Ward did not use reasonable force to protect himself from bodily harm from plaintiff. The sixth question was a two-part question. In answer to the first part, the jury found that plaintiff had engaged in a "mutual affray" with Ward, such that plaintiff did "voluntarily engage in a fight with Defendant Johnny Ward for the sake of fighting and not as a means of self-defense." In answer to the second part of the sixth question, the jury concluded that even if plaintiff had engaged in a mutual affray, Ward used unreasonable force against plaintiff.

The seventh and eighth questions concerned the apportionment of damages between the defendants. The jury found that forty percent of plaintiff's damages were attributable to Ward and that sixty percent of plaintiff's damages were attributable to the VFW.

In answer to the ninth question, the jury found that plaintiff's total damages for "medical/hospital expenses, disability, disfigurement, pain and suffering, and emotional distress" were $40,000.

The next five questions, the tenth through the fourteenth, concerned plaintiff's negligence theory. In answer to the tenth question, the jury found that Ward was negligent. In answer to the eleventh question, the jury found that Ward's negligence was a proximate cause of plaintiff's injuries. In answer to the twelfth question, the jury found

that plaintiff was also negligent. In answer to the thirteenth question, the jury found that plaintiff's own negligence was a proximate cause of plaintiff's injuries. Finally, in answer to the fourteenth question, the jury found that plaintiff's negligence comprised forty percent of the "total combined negligence which proximately caused the injury or damage" to plaintiff. Following the fourteenth question, there was an instruction to the jury that the court would reduce the total amount of plaintiff's damages by the percentage of negligence attributable to plaintiff as found by the jury under the fourteenth question.

After the jury rendered the special verdict, the trial court entered an order of judgment dated June 15, 1992. In that judgment, the court concluded that the jury's finding concerning plaintiff's comparative negligence was not a defense to the claim of assault and battery. The court also concluded that the jury's finding concerning plaintiff's comparative negligence did not affect the VFW's obligations under the dramshop act. Accordingly, despite the jury's finding that plaintiff's share of comparative negligence was forty percent, the trial court entered judgment against both defendants for the full amount of the $40,000 verdict, jointly and severally. The trial court also assessed attorney fees and costs against the defendants. Further, the VFW was ordered to pay $1,070 for the preparation of transcripts of the proceedings before Judge Perry, which had been necessary to evaluate the VFW's motion for a mistrial because of the delay. The VFW appeals from the June 15, 1992, judgment as of right.[1]

I

The VFW argues that the trial court abused its

[1] Defendant Ward is not a party to this appeal.

discretion when it denied the VFW's motion for a mistrial based upon the lengthy adjournment and substitution of judges. We find no error.

The VFW relies heavily on this Court's opinion in *People v McCline,* 197 Mich App 711; 496 NW2d 296 (1993), for the propositions that whenever there is a substitution of judges after voir dire, a defendant is entitled to a new trial, and a showing of prejudice is unnecessary. However, we note initially that this Court's decision in *McCline* was subsequently vacated by our Supreme Court, *People v McCline,* 442 Mich 127; 499 NW2d 341 (1993). As a result, it is necessary for a defendant to show actual prejudice in order to justify reversal because of a substitution of judges. *Id.* at 134. In this case, defendant's failure to show actual prejudice defeats defendant's claim for a new trial.

The VFW also contends that the thirty-four-day adjournment prejudiced its case. However, the VFW's speculative arguments concerning how the delay *may* have affected the trial and the jury are insufficient to warrant reversal. Such mere speculation does not amount to a showing of actual prejudice. *Id.*

After reviewing the record, we find that the trial court did not abuse its discretion when it denied the VFW's motion for a mistrial. *Tiffany v Christman Co,* 93 Mich App 267, 282; 287 NW2d 199 (1979); *People v McAlister,* 203 Mich App 495, 503; 513 NW2d 431 (1994).

II

The VFW argues that the judgment should have been reduced by the percentage of plaintiff's comparative negligence. We agree.

The trial court declined to reduce the judgment

after determining that plaintiff's comparative negligence was not a defense to the assault and battery claim, citing *Vining v Detroit,* 162 Mich App 720; 413 NW2d 486 (1987). The trial court also noted that plaintiff's comparative negligence did not affect the vfw's obligations under the dramshop act. While we acknowledge the general rule that a person who intentionally injures another person is not entitled to mitigation of damages on the basis of comparative negligence, *Hickey v Zezulka (On Resubmission),* 439 Mich 408, 442; 487 NW2d 106 (1992), citing *Vining, supra,* we nevertheless conclude that principles of comparative fault should apply in this case.

This case does not present the normal set of circumstances contemplated by the general rule announced in *Vining* and *Hickey.* In other words, this is not a simple case where the defendant is an intentional tortfeasor and the plaintiff was merely negligent. In this case, it appears that both Brown and Ward intended to enter into a fight.

The instant case is unusual in that Brown and Ward had a history of animosity arising out of Brown's admitted affair with Ward's wife. The instant dispute arose when Ward confronted Brown at the home of Ward's estranged wife— which had been the Wards' marital residence for four years. When Ward arrived at the home, Brown walked toward Ward with his arms crossed and yelled something to the effect of "what the f__ do you want to talk about." At that point, apparently influenced by the alcohol that he had consumed at the vfw, Ward struck Brown in the head with a piece of wood. If the dispute had ended there, and Brown's participation had been limited to his provocation (verbal or otherwise), then we might agree with the trial court that principles of comparative negligence would not apply. See *Gal-*

*braith v Fleming,* 60 Mich 403, 406-407; 27 NW 581 (1886) (evidence of provocation cannot be used in mitigation of damages). However, Brown's role was more than mere verbal provocation.

After Brown was struck in the head, Brown kicked Ward and knocked him to the ground. Then Brown continued to pursue Ward despite the fact that Ward was no longer a threat, and Brown struck Ward repeatedly while Ward was on the ground. It was presumably on the basis of this testimony that the jury concluded that Brown and Ward had entered into a "mutual affray." See SJI2d 115.06; *Galbraith, supra* at 407. However, the jury concluded that Ward used unreasonable force during the affray when Ward later swung at Brown with a pocket knife, thereby cutting Brown in the chest. Thus, despite Brown's willing participation in the fight, the jury concluded that he was entitled to damages because of Ward's use of excessive force.

The foregoing facts demonstrate that Brown was not merely negligent. Rather, we agree with the conclusion of the jury that Brown was a willing combatant and intended to enter into a "mutual affray" with Ward. While SJI2d 115.06 and *Galbraith,* permit recovery of damages by a combatant where the defendant has used excessive force, they provide no guidance concerning the issue of mitigation of damages. Under these circumstances, other jurisdictions have decided to apply principles of comparative fault in mitigation of the plaintiff's damages. Cf. 35 ALR4th 947, §§ 7[a], 8, pp 966, 968. Here, in light of the fact that Brown was not merely negligent but rather was a willing combatant, we find the general rule of *Vining* inapplicable and conclude that the trial court should have reduced plaintiff's recovery by the share of plaintiff's fault.

Our decision that damages should be reduced in proportion to the plaintiff's comparative fault applies not only to the damages assessed against Ward, but also to the damages assessed against the VFW. In other words, the total damage award should be reduced by plaintiff's share of comparative fault. In this case, the jury verdict of $40,000 must be reduced by forty percent, because that was the percentage of fault that the jury attributed to plaintiff. This is the result that is most compatible with the instruction that was included on the bottom of the special verdict form and stated that the court would reduce "the total amount" of plaintiff's damages by the percentage of negligence attributable to plaintiff. We acknowledge that the verdict form addresses the issue in terms of plaintiff's "comparative negligence"; however, we find that plaintiff's participation involved much more than mere negligence and interpret the jury verdict to mean that plaintiff was forty percent at fault or forty percent responsible for his injuries. MCR 7.216.

Our decision is consistent with the prior decisions of this Court in *Lyman v Bavar Co, Inc,* 136 Mich App 407, 410; 356 NW2d 28 (1984), and *Heyler v Dixon,* 160 Mich App 130, 154; 408 NW2d 121 (1987), wherein this Court ruled that the damages assessed against the dramshop defendants should be reduced by the percentage of the plaintiff's negligence where that negligence did not arise out of the plaintiff's participation in bringing about the intoxication.[2] Indeed, the application of comparative fault is more equitable in this case, because the VFW should not be held responsible for

---

[2] Cf. *Craig v Larson,* 432 Mich 346, 354, n 10; 439 NW2d 899 (1989), wherein our Supreme Court made reference to *Lyman* and *Heyler* but found it unnecessary to review the precise issue presented by those cases.

the intentional acts of the two combatants. The VFW's role was limited to supplying the alcohol. While the alcohol may have aggravated matters somewhat, the altercation was primarily attributable to the underlying animosity between the parties because of their own personal situation. Under these circumstances, the judgment should be reduced to reflect the relative degree of fault of the plaintiff.[3]

### III

The VFW argues that the trial court should have apportioned fault between the defendants, rather than impose joint and several liability for the judgment. We agree.

The trial court found that apportionment of the damages between the defendants was not appropriate in light' of its conclusion that plaintiff was not at fault under the assault and battery theory. Operating upon the premise that plaintiff was not at fault, the trial court's denial of the request to apportion damages was consistent with MCL 600.6304(3); MSA 27A.6304(3). However, because we determined in our analysis of the proceeding issue that plaintiff was partially at fault for his

---

[3] Writing for the majority on the issue of comparative fault in *Hickey, supra,* 439 Mich 449, Justice RILEY emphasized that "[j]urors are capable of reaching a rational and sensible balance" between the parties' relative degree of fault, despite the fact that one party may have been negligent and another may have committed an intentional tort. Justice RILEY continued as follows:

> Comparison of "qualitatively different" conduct, which the signers of the lead opinion find to be "not capable of intelligent comparison," is not only possible, but is required by this Court's adoption of "pure" comparative fault.

If the relative degree of fault should be compared between intentional and negligent participants, then the relative degree of fault should also be apportioned between two intentional participants, as in this case.

injuries, MCL 600.6304(5); MSA 27A.6304(5) requires apportionment of damages to each defendant according to the jury's apportionment of fault. Accordingly, on remand, the trial court shall enter an amended judgment that apportions the damages between the defendants in accordance with MCL 600.6304(5); MSA 27A.6304(5).

IV

The VFW argues that the trial court erred in awarding sanctions and costs pursuant to MCR 2.405 on the basis that the $40,000 verdict exceeded the average offer of judgment. We agree and vacate the award of sanctions and costs. In light of our decision to reduce the judgment by the percentage of plaintiff's fault, the trial court shall reconsider the issue of sanctions and costs on remand. However, we express no opinion regarding the appropriate amount of such sanctions and costs, if any.

The VFW raises a separate argument concerning the assessment of costs for the preparation of transcripts. We also vacate that assessment of costs, because the trial court did not possess authority to impose costs for such an expense. When there is a substitution of judges, as here, MCR 6.440 requires the successor judge to provide certification of familiarity with the prior testimony, but provides no authority for imposing on a party the cost of preparing transcripts so that the successor judge meaningfully can rule with respect to a matter that requires knowledge of the proceedings that occurred before the substitution of judges.

V

The VFW argues that plaintiff's claims were

barred by application of the doctrines of in pari delicto and *volenti non fit injuria* because the confrontation was caused by plaintiff's adulterous affair with Ward's wife. We have considered these arguments and conclude that these general doctrines do not bar plaintiff's claims. Rather, consistent with our holding with respect to the application of comparative fault, plaintiff's willing participation in the mutual affray justifies a reduction in damages in accordance with his percentage of fault.

## VI

The VFW argues that the jury verdict was against the great weight of the evidence. However, defendant has waived this issue for appeal by failing to file a motion for a new trial in the trial court. *DeGroot v Barber,* 198 Mich App 48, 54; 497 NW2d 530 (1993).

We vacate the judgment of the trial court and remand for entry of an amended judgment in accordance with this opinion. The trial court may conduct such further hearings as it deems necessary in furtherance of the entry of an amended judgment. We do not retain jurisdiction.