# STATE OF MICHIGAN

# COURT OF APPEALS

---

HENRY ALVARO and DIANE
NONNENMACHER,

       Plaintiffs-Appellees,

v

WILLIAM J HOUTTEKIER and MICHAEL
HOUTTEKIER, d/b/a HOUTTEKIER
DIVERSIFIED CONTRACTING,

       Defendants-Appellants.

UNPUBLISHED
June 18, 2015


No. 320212
Monroe Circuit Court
LC No. 10-028344-CK

---

Before: MARKEY, P.J., and OWENS and GLEICHER, JJ.

PER CURIAM.

Defendants appeal by right a judgment entered following a jury verdict in plaintiffs' favor in this dispute arising from a contract to construct an addition to plaintiffs' home. We affirm.

## I. FACTUAL BACKGROUND

Plaintiffs Henry Alvaro and Diane Nonnenmacher are married and own a home in Bedford Township, Michigan. In the fall of 2006, plaintiffs wanted to build a handicap accessible addition to their existing home so that Nonnenmacher's elderly mother could live with them. Plaintiffs were social acquaintances of defendant William J. Houttekier (William); defendant Michael Houttekier (Michael) is William's son. Neither William nor Michael is a Michigan licensed contractor. William learned of plaintiffs' plan for an addition, apparently from conversations between Nonnenmacher and William's spouse. In early December 2006, plaintiffs discussed the project with William, and he submitted a four-page handwritten proposal to plaintiffs on or about December 12, 2006.

The hand-written memorandum of the parties' understanding had a total budget of $100,000. It divided responsibilities between the parties, provided for an initial deposit of $20,000, draws of $20,000 at various stages of the work, and a final payment of $20,000 on completion of the project. Plaintiffs contend the $100,000 total for the project also included both the wheelchair accessible addition and $20,000 for a total remodel of an existing bathroom, i.e., two bathrooms. Defendants dispute the contract included work on a second bathroom.

Seven months into the project, after plaintiffs had paid defendants $85,762.00 (which included $15,762 for extras), plaintiffs were unhappy with both the pace and the quality of workmanship. On August 2, 2007, plaintiff Alvaro told Michael that plaintiffs would pay no more until the job was finished. Defendants refused to perform any more work and walked off the job. Plaintiffs subsequently filed this breach of contract action. After trial, the jury awarded plaintiffs $40,000, and judgment entered accordingly. Defendants appeal.

## I. GREAT WEIGHT OF THE EVIDENCE

Defendants failed to preserve their claim that the verdict was against the great weight of the evidence by moving in the trial court for a new trial on that basis. *Heshelman v Lombardi*, 183 Mich App 72, 83; 454 NW2d 603 (1990); See also MCR 2.611(A)(1)(e) (permitting a motion for new trial on the basis that the "verdict or decision against the great weight of the evidence or contrary to law"), and requiring it be filed "within 21 days after entry of the judgment." MCR 2.611(B). While an unpreserved claim in a criminal case that the verdict was against the great weight of the evidence may be reviewed for plain error, *People v Reid (On Remand)*, 292 Mich App 508, 513; 810 NW2d 391 (2011), in a civil case, the failure to move for a new trial on the basis that the verdict was against the great weight of evidence will generally result in the issue being waived. See *Rickwalt v Richfield Lakes Corp*, 246 Mich App 450, 464; 633 NW2d 418 (2001), and *Brown v Swartz Creek VFW Post 3720*, 214 Mich App 15, 27, 542 NW2d 588 (1995).

"Michigan generally follows the 'raise or waive' rule of appellate review." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Although appellate courts have inherent authority to review issues not raised in the trial court to prevent a miscarriage of justice, "generally a 'failure to timely raise an issue waives review of that issue on appeal.' " *Id*., quoting *Napier v Jacobs*, 429 Mich 222, 227; 414 NW2d 862 (1987). Exercise of inherent review authority will usually only occur in a criminal case to ensure that a defendant is not denied a fair trial. *Napier*, 429 Mich at 233. In a civil case, more than an adverse judgment for money damages is needed to show a miscarriage of justice or manifest injustice. *Id*. at 234.

"The grounds for granting a new trial, including a verdict contrary to the great weight of the evidence, are now codified at MCR 2.611(A)(1). The court rule provides the only bases upon which a jury verdict may be set aside." *Kelly v Builders Square, Inc*, 465 Mich 29, 38; 632 NW2d 912 (2000). The trial court's decision on a motion for new trial on the basis that the verdict is against the great weight of the evidence is reviewed for an abuse of discretion. *Id*. at 34; *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). "An abuse of discretion occurs when a court chooses an outcome that is not within the principled range of outcomes." *McManamon v Redford Charter Twp*, 273 Mich App 131, 138; 730 NW2d 757 (2006). But where an appellant does not move in the trial court for a new trial, there is no exercise of discretion by the trial court to be reviewed on appeal. *Kelly*, 465 Mich at 40.

Defendants have also not shown a miscarriage of justice in this case. Defendants' arguments relate to the nature of evidence, the weight it should be accorded, and ultimately, to the credibility of witnesses. "But a jury's verdict should not be set aside if there is competent evidence to support it." *Dawe v Dr Reuven Bar-Levav & Assoc, PC (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010). Furthermore, conflicts in the evidence and the credibility

of witnesses are matters for the fact finder to resolve. *Id.* "More than the fact of the loss of the money judgment of [$40,000] in this civil case is needed to show a miscarriage of justice or manifest injustice." *Napier*, 429 Mich at 234. Consequently, "appellate review of the sufficiency of the evidence supporting the jury verdict for [plaintiffs] has been waived by [defendants'] failure to raise the issue in a timely motion at trial." *Id*. at 238.

Consequently, because defendants failed to timely move in the trial court for a new trial on the basis that the verdict is against the great weight of the evidence, MCR 2.611(A)(1)(e), (B), defendants have waived this issue. *Napier*, 429 Mich at 234; *Brown*, 214 Mich App at 27.

## II. PLAINTIFFS' IMPLIED CONTRACT CLAIM

Defendants' statement of this issue is unclear. They contend that the trial court abused its discretion by allowing evidence of plaintiffs' equitable claim of unjust enrichment to be heard at the same time the jury heard plaintiffs' claim of breach of express contract. This, they assert, resulted in the jury's being confused and a verdict against the great weight of the evidence.

Defendants' statement of the issue and their argument is unclear whether the asserted error relates to the trial court's denial of defendants' motion for summary disposition on the claim of unjust enrichment, to erroneous admission of evidence, to alleged improper argument by plaintiffs' counsel, to improper jury instructions, or whether it merely restates defendants' great-weight-of-the-evidence argument.

To the extent this issue merely restates defendants' claim that the verdict was against the great weight of the evidence, we conclude defendants have waived that argument as discussed previously. See *Napier*, 429 Mich at 234, 237-238; *Brown*, 214 Mich App at 27. If some other issue is presented, it appears defendants have abandoned it by failing to clearly state the question presented, provide a statement of the applicable standard of review, and support an argument with reference to the pertinent portion of the record involved and citation to authority. See MCR 7.212(C)(5), (7); *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000) (an appellant waives an issue by not including it in his statement of questions presented and not citing authority in support of the appellant's position); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("It is axiomatic that where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court."); *Hammack v Lutheran Social Servs of Mich*, 211 Mich App 1, 7; 535 NW2d 215 (1995) ("A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim.").

Furthermore, from what we can decipher of the questions and arguments defendants presented, we conclude they are meritless. The trial court did not commit error warranting reversal by denying defendants' motion for summary disposition regarding unjust enrichment and permitting plaintiffs to preserve that claim as an alternate theory of recovery to be decided by the trial court alone if the jury determined no contract between the parties existed. MCR 2.111(A)(2); *H J Tucker & Assoc, Inc v Allied Chucker and Engineering Co*, 234 Mich App 550, 573; 595 NW2d 176 (1999). Nor have defendants established that the trial court abused its discretion by permitting testimony regarding the nature and extent of the parties' contract, as well as plaintiffs' testimony regarding their claimed damages. *KBD & Assoc, Inc v Great Lakes Foam Technologies*, 295 Mich App 666, 676-677; 816 NW2d 464 (2012) (a trial court's

evidentiary decisions are an abuse of discretion when outside the range of principled outcomes). "Under Michigan's rules of evidence, all logically relevant evidence is admissible at trial, except as otherwise prohibited by the state or federal constitutions or other court rules." *Lewis v LeGrow*, 258 Mich App 175, 199; 670 NW2d 675 (2003). Further, defendants have not established that the trial court violated its duty to "control the proceedings during trial, limit the evidence and arguments to relevant and proper matters, and take appropriate steps to ensure that the jurors will not be exposed to information or influences that might affect their ability to render an impartial verdict on the evidence presented in court." MCR 2.513(B). Indeed, defendants fail to point to any error by the trial court in the conduct of the trial that warrants reversal on the basis that the outcome is "inconsistent with substantial justice." MCR 2.613(A).

### III. THE PAROL EVIDENCE RULE

Defendants next argues that the trial court abused its discretion by permitting parol evidence of matters not contained within the parties' written contract. We disagree.

We review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *Dawe*, 289 Mich App at 406. The trial court abuses its discretion when the court chooses an outcome falling outside the range of principled outcomes. *KBD & Assoc*, 295 Mich App at 677.

The interpretation of a contract is a question of law this Court reviews de novo on appeal. *Archambo v Lawyers Title Insurance Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002). When a contract is clear and unambiguous, "interpretation is limited to the actual words used, and parol evidence is inadmissible to prove a different intent." *Burkhardt v Bailey*, 260 Mich App 636, 656; 680 NW2d 453 (2004). Whether contract language is ambiguous is also a question of law reviewed de novo on appeal. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). "A contract is ambiguous if it allows two or more reasonable interpretations, or if the provisions cannot be reconciled with each other." *Woodington v Shokoohi*, 288 Mich App 352, 374, 792 NW2d 63 (2010). The parol evidence rule does not bar introduction of evidence to explain the terms of an ambiguous contract. *Patrich v Muscat*, 84 Mich App 724, 732; 270 NW2d 506 (1978).

At the end of the first day of trial, during the testimony of plaintiff Alvaro, the last witness that day, defendants objected to plaintiffs' counsel's asking about the meaning of portions of the contract on the basis that the parties had memorialized their agreement in a written contract, and the testimony was contrary to the parol evidence rule. The trial court overruled the objection without providing an explanation for its ruling. But on the next day of trial, before Alvaro's testimony continued, the trial court revisited its ruling on defendants' objection based on the parol evidence rule. The trial court ruled that the handwritten contract was patently ambiguous, thus permitting parol evidence concerning its meaning.

The parol evidence rule provides that "evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). An additional requirement for the rule to apply is "that the parties intended the written instrument to be a complete expression

of their agreement." *Id*. In this case, although the trial court did not base its ruling on this point, it is undisputed that during the time defendants were working on the project, there were several oral modifications of the agreement, for which plaintiffs paid defendants an additional $15,762. Indeed, defendants note in their brief that although the four-page handwritten memorandum was only signed by defendant William Houttekier, it became, through "a course of conduct between the parties," an express contract.

Furthermore, by its own terms, the parol evidence rule requires not only a written contract that has integrated the parties' negotiations, but also that the written terms of the contract be clear and unambiguous. *Patrich*, 84 Mich App at 732 ("The parol evidence rule does not bar introduction of evidence to explain ambiguous terms"). In this regard, it is settled law that "the meaning of an ambiguous contract is a question of fact that must be decided by the jury." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 469; 663 NW2d 447 (2003). Extrinsic evidence may be presented for the jury's consideration in resolving questions of fact regarding the interpretation of a contract whose language is ambiguous. *Id*. Thus, the admission of "relevant extrinsic evidence to aid in the interpretation of a contract whose language is ambiguous does not violate the parol evidence rule." *Id*. at 470.

Our review of the four-page handwritten memorandum of the parties' contract convinces us that the trial court did not err by ruling that it was ambiguous. The staccato-like terms of the memorandum provide few details. For example, page one states that defendants would provide, "Room appox 22 x 25 +*Screen Porch per drawing". But on page three there is only a rough rectangular, pan-handled drawing approximately 2 inches by 5 inches providing little detail beyond rough outer dimensions. Page two of the memorandum is vertically divided down the center with "Owner Responsibilities & Costs" on the left and "HDC", presumably defendants, on the right. The right-hand column lists words and phrases such as "french door", "gutter Covers", "Tree guy", "Dumpster", "Skylyte – 2 tube", and "Build to Code." The left-hand column lists items such as "Submit Plans & Secure <sup>all</sup> permits", "Install Elec & Security Systems", "Finish floor - ?", and "Heated Mats." The last page of the memorandum is a draw schedule of $20,000 payments on Dec 15, Jan 15, Feb 15, and Mar 15, and "$20,000 or $10,000/$10,000" next to "end." Corresponding to this draw schedule, a column on the left side of the page states, "Deposit, Lumber, frame up, Shingles, Doors-Windows, plumbing, Insulation, Drywall, Siding, Last draw, End." This page is dated 12-12-06 and is signed "Bill Houttekier." The draw schedule does not mention a second bathroom remodel that plaintiffs contend was included within the $100,000 agreement but "2 bathrooms" is written on page three beneath "Budget - $100,000."

After full review of this writing, we agree with the trial court that on its face the four-page, handwritten memorandum that served as the parties' contract was ambiguous. The terms used in the memorandum individually and as a whole are not susceptible to a single reasonable meaning. *Woodington*, 288 Mich App at 374. The "contract" is open to conflicting interpretations regarding its details and whether it included remodeling an existing bathroom or whether it concerned only the new addition to the home. Extrinsic evidence may properly be presented on the meaning of an ambiguous contract. *Klapp*, 468 Mich at 469. Thus, the trial court did not abuse its discretion by admitting parol evidence relevant to the meaning of the parties' contract. *Id*. at 470; *Patrich*, 84 Mich App at 732.

For all the foregoing reasons, we conclude that the jury verdict and the judgment entered for plaintiffs should be affirmed.

We affirm. As the prevailing party plaintiffs may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Elizabeth L. Gleicher